Johnson v. Tostevin.

JOHNSON & CO. v. TOSTEVIN & LE RAY ET AL.

1. **Jurisdiction**: PERSONAL ACTION: NON-RESIDENT DEFENDANTS: VOLUNTARY APPEARANCE. An action to recover for a breach of contract is a personal action, and may be maintained by acquiring jurisdiction of the persons of the defendants, no matter where the contract was made, nor where it was to be performed; and when the defendants, though non-residents, appear and demur to the petition filed against them in such an action, the court thereby acquires jurisdiction of their persons. Code, § § 2586, 2626.

2. **Pleading**: WRITTEN CONTRACT IN SEVERAL PARTS: SETTING OUT COPY: DEMURRER. Where the petition showed on its face that the contract declared on consisted of a written order, and a letter and the answer thereto in relation to such order, but failed, without giving any sufficient reason therefor, to set out a copy of one of the letters,˙ *held* that a demurrer to the petition was properly sustained, under Code, section 2648.

3. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF COURT BELOW. Where there was doubt whether the ruling of the lower court, sustaining a demurrer, was made before or after the filing of an amendment which avoided the ground of the demurrer, *held* that the lower court must be presumed to have ruled correctly, and, therefore, to have ruled before the amendment was filed.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, DECEMBER 6.

IT appears from the averments that Tostevin & Le Ray is a co-partnership in the manufacture of fanning mills, and that Peter Le Ray˙ and J. P. Tostevin are the individual members of the partnership, and it is alleged that on the 14th of February, 1880, one W. H. Keefer made and delivered to the plaintiffs an order in these words:

"MESSRS, TOSTEVIN & LE RAY, *Racine, Wis.* Please hold subject to the order, or ship to Messrs, A. S. Johnson & Co., of Osceola, Iowa, forty-seven fanning mills, called the Union Sifter, and charge the same to my account.

Yours, etc.,            W. H. KEEFER."

That said order was delivered to plaintiffs, and that they

forwarded the same to defendant by mail, and received in return an acceptance thereof as follows:

"MR. A. S. JOHNSON & Co., *Osceola Iowa.* SIR: Yours of the 21st is at hand, and in reply Mr. W. H. Keefer sends us a letter to let you have forty fanning mills, and charge them to his account. We are willing to do so, but can't fill the order inside of two months, as we have as much orders as we can fill up to that time. Let us know if this will be satisfactory. Yours truly,       TOSTEVIN & LE RAY."

That the plaintiffs immediately, upon the receipt of said acceptance, assented to the same, including the extension of time as asked, and so notified defendants by mail. That plaintiffs paid to Keefer the sum of $470 in full for said fanning mills, and that defendants refused to ship the same to plaintiffs, although requested so to do. Damages are claimed for failure to deliver the mills to plaintiffs.

There was a demurrer to the petition which was sustained. An amendment was filed, and the defendants again demurred. On the same day on which the last demurrer was determined, an amendment to the petition, and to the amended petition, was filed, which set out what was alleged to be a copy in substance of the written assent of the plaintiffs to the defendant's acceptance of the order of Keefer. The demurrer was sustained. Plaintiffs elected to stand upon their petition as amended, and they appeal.

*W. M. Wilson* and *McIntire Bros.*, for appellants.

*M. S. Temple* and *John Chaney*, for appellees.

ROTHROCK, J.—I. One ground of demurrer was to the effect that the court had no jurisdiction of the defendants, nor of the subject matter of the suit, for the reason that the petition shows that the partnership, and members thereof, are residents of Wisconsin, and that the place of performance of the contract is in Wisconsin, and there is no averment of a breach thereof, at

1. JURISDICTION; personal action: non-resident defendants: voluntary appearance.

the place of performance. The demurrer was filed in behalf of all of the defendants. This constituted an appearance to the action, and the court thereby acquired jurisdiction of the persons of defendants. Code, § 2626. The objection that there was no breach of the contract shown by the petition, is not correct. It is expressly averred therein, that the defendants refused to ship the mills upon demand being made therefor.

We are at a loss to understand what counsel mean by the objection that the court had no jurisdiction of the subject-matter of the suit. The petition sets forth a contract and a breach thereof on the part of the defendants, and claims damages for the breach. It is a personal action which may be maintained by acquiring jurisdiction of the persons of the de-defendants, no matter where the contract was made, nor where it was to be performed. Non-residents of the State may be sued in a personal action in any county where they may be found. Code, § 2586.

II. Another cause of demurrer was as follows: "That the said petition claims upon a written contract composed of an

2. PLEADING: written contract in several parts: setting out copy: demurrer.

order by one W. H. Keefer to plaintiffs and upon defendants, and written correspondence by and between plaintiffs and defendants, and that a part of said writing so sued upon is not incorporated into, nor attached to, plaintiff's petition, and that no sufficient reason for want thereof is given, to-wit: the answer of the plaintiffs to the letter of defendants, in which plaintiffs claim that they assented to defendant's terms upon which they offered to accept the order on them."

The demurrer was properly sustained if the above ground therefor is correct in its statement of facts. Code, § 2648. There is a dispute as to the record in the case, and we have resorted to the transcript to ascertain, if we can, the state of

3. PRACTICE in supreme court: presumption in favor of the court below.

the pleadings to which the demurrer was interposed and sustained. It appears that the petition was filed on the 31st day of July, 1880. A demurrer to the petition was filed on the 31st

day of August, 1880. It is not disputed that this demurrer was sustained at the August term, 1880. The transcript shows otherwise, but the appellants assert in their abstract that the ruling was made in August, and appellees do not deny it. On the 6th day of September, 1880, what is denominated an amended petition, was filed. On the 21st day of February 1881 a demurrer to the amended petition was filed. This demurrer was sustained on the 17th of March, 1881, and on the same day what is denominated as an "amendment to petition and to amended petition," was filed. This last amendment contained proper averments as to the writings between the parties, and was not vulnerable to the ground of demurrer above set out. The appeal was taken from the ruling sustaining the last named demurrer, and the controversy as to the record is whether the amendment to the amended petition was considered by the court in making the ruling. If it was considered, the demurrer should have been overruled, because there is no other ground of demurrer that has any merit whatever. If the last amendment was not considered, the ruling of the court was correct.

It is certain that the demurrer was not filed to the last amendment, because it was filed long before said amendment, and the ground of demurrer under consideration was not applicable after the last amendment. There is nothing in the transcript by which it can be determined with absolute certainty whether or not the last amendment was filed before the ruling on the demurrer. But the record entry recites that the hearing was had and the ruling made upon the demurrer to the petition as amended, and no reference is made therein to an amendment to the amended petition. Now, we think, it is for the appellants to show by the record that the last amendment was not only on file when the ruling was made but that it was considered by the court. Where presumptions are indulged upon questions like this they are always in favor of the ruling of the court, and upon the ground that error must affirmatively appear. If appellants

had taken care to file the last amendment, and made the record show that such filing was before the submission of the demurrer, or if they had asked the court to make the record show that the last amendment was considered in making the ruling, they would have presented a record here which would have supported the argument that the court considered the last amendment.

AFFIRMED.