DR. VALERIUS & COMPANY, Appellants, v. JACOB HOCKSPIERE et al., Appellees.

Sale: WARRANTY: CONFLICT OF EVIDENCE. An oral warranty of the soundness of a horse, made to the purchaser at and before the sale thereof, will not be superseded or affected by a written warranty

handed to the purchaser along with other papers, but which was never agreed to by him, and of which he had no knowledge until long afterwards.

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

FRIDAY, JANUARY 27, 1893.

ACTION on three notes, and to foreclose a mortgage securing the same. Judgment and decree for the plaintiffs, and they appeal.—*Affirmed.*

*J. H. Powers*, for appellants.

*Springer & Clary*, for appellees.

KINNE, J.—This action is brought to recover judgment on three notes, and the foreclosure of a mortgage securing the same. The notes are signed by defendants, Jacob Hockspiere and Fred Hockspiere, and the mortgage was executed by Jacob Hockspiere and his wife. The consideration of the notes and mortgage was an English shire stallion, which the plaintiffs aver was sold under a written warranty relating only to his qualities as a foal getter. The defendants file separate answers, in which they claim, in substance, that the defendant Fred Hockspiere alone purchased the horse, and the defendant Jacob signed the notes as surety only, and that the plaintiffs knew that fact when the notes were executed; that the consideration of said notes, and of fifty dollars which was paid plaintiffs, was the sale to them of an English shire stallion called "Triumph," for the total sum of one thousand, six hundred dollars; that at and prior to the sale of said horse to the defendant Fred Hockspiere, the plaintiff, by parol, warranted him to be sound in body and limb, and that he was all right in every respect; that the defendant relied solely on the truth

of the plaintiff's said statements, and believed them to be true, and so was induced to purchase the horse; that at the time and long before his purchase he was unsound, diseased, and had a spavin on one of his legs, and had other diseases, and he was at the time, and ever since has been, unfit for use as a stallion, and defendant has been damaged in the sum of two thousand dollars; that the defendant has been damaged five hundred dollars in care and feed for said horse, and in time expended in caring for him, and in paying. for medicine and treatment for him; that there was no understanding or agreement between himself and the plaintiffs that there should be a written warranty of sale of the horse, nor did he know of the existence of the same until after this suit was commenced; that he has never accepted the same, and now repudiates it. The plaintiffs in a reply denied every allegation contained in the answers, not affirmed in the petition. The court found there was an oral contract of warranty, which had been broken, and gave the plaintiffs a judgment for one hundred and twenty-six dollars and twenty-five cents, and costs and attorneys' fees of twelve dollars and sixty-two cents, and a decree foreclosing the mortgage.

I.   The real question of contention between these parties grows out of the warranty of the horse. The plaintiffs claim the warranty was in writing only, and the defendants contend that there was to be, and was, no written warranty, but the plaintiffs warranted the horse by parol to be sound and all right in every way. There can be no serious contention, under the facts disclosed in this record, that the horse, at the time he was sold, was spavined; that his legs were much swollen at the time; that they were covered with much hair, and the spavin was not apparent to the ordinary observer; that the plaintiffs represented to the defendants that the swelling was due to the long passage

over the ocean, the horse having been then recently imported by them. The testimony as to the character and length of duration of this defect, we think, clearly shows that the plaintiffs must have known of its existence when they made the sale of the horse to the defendants; but under our view of the evidence it is not material whether they knew of the existence of this spavin at the time they sold the horse to the defendants. While there is an irreconcilable conflict in the evidence touching the warranty, yet, after a careful consideration of it all, we conclude that it appears that the plaintiffs did, by parol, warrant the horse as claimed by the defendants. Such being the case, the evidence fully satisfies us there was a breach of the warranty. A close inspection of the testimony given by the plaintiffs themselves shows that in many important respects it is contradictory and unsatisfactory. The plaintiffs claim that the written warranty was read to the defendants, and handed to one of them with other papers. Our investigation leads us to believe that this written warranty was never agreed upon or read to the defendants, and that it was by the plaintiffs put in with other papers given the defendants without their knowing, until long afterwards, that any such warranty had been given them. We cannot enter into a detailed discussion of the evidence. We are content with the finding of the court below, and its judgment will be AFFIRMED.