## McLAUGHLIN BROTHERS *v.* HALLOWELL.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 149.   Argued January 27, 1913.—Decided April 7, 1913.

An order of the United States Circuit Court remanding the cause to the state court is not reviewable here, *Missouri Pacific Ry.* v. *Fitzgerald*, 160 U. S. 556, nor can this object be accomplished by indirection.

Where the state court, in denying a second petition for removal, simply bows to the decision of the Federal court when it remanded the record after the first attempt to remove, it does not deny any Federal right of the petitioner within the meaning of § 709, Rev. Stat.

Where the second petition to remove presents no different question from that presented by the first, it is proper for the state court to follow the decision of the Federal court remanding the record and deny the petition.

In this case it does not appear that any different questions were presented on the second petition than on the first, and if any Federal right of the petitioner to remove was denied, it was denied by the Federal and not by the state court.

Whether individual members of a copartnership should be joined as defendants or substituted for the copartnership in a suit brought against the partnership under a state law permitting copartnerships to be sued as entities is a question of local law only cognizable in this court so far as it may affect the right to remove.

This court, having no jurisdiction to review the remanding order of the Circuit Court which the state court followed in denying a second petition to remove, refrains from expressing any opinion upon the correctness of that order.

Writ of error to review 121 N. W. Rep. 1039, dismissed.

THE facts, which involve the jurisdiction of this court under § 709, Rev. Stat., to review a decree of the state court denying a second petition for removal of the cause from the Federal court, are stated in the opinion.

*Mr. Edgar A. Morling,* with whom *Mr. Charles A. Clark* and *Mr. William H. Morling* were on the brief, for plaintiffs in error.

*Mr. Denis M. Kelleher,* with whom *Mr. William S. Kenyon* and *Mr. Maurice O'Connor* were on the brief, for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This writ of error is sued out under § 709, Rev. Stat., and brings up a judgment of the Supreme Court of Iowa affirming a judgment of the District Court of one of the counties of that State in an action brought by the defendants in error against "McLaughlin Brothers, a Copartnership," named among the plaintiffs in error. The individual plaintiffs in error, John R. McLaughlin and James B. McLaughlin, who allege themselves to be "sole

members of the copartnership," were not named as defendants at the inception of the action. Their relation to it will appear from what follows.

It is claimed by the plaintiffs in error that they were entitled to remove the cause to the appropriate Federal Circuit Court on the ground of diversity of citizenship (there being no question that the matter in dispute, exclusive of interest and costs, exceeded $2,000), and that the decision of the state court deprived them of the right of removal. The cause was once removed to the Federal court and by that court remanded. A subsequent petition for removal was refused by the County District Court. It is the decision of the Supreme Court in affirming the judgment of the District Court, notwithstanding such refusal, that is now assigned for error. The circumstances of the case are peculiar and require a somewhat particular recital.

The action was commenced by petition filed by defendants in error in the District Court naming as defendant "McLaughlin Brothers, a copartnership," and claiming three thousand dollars damages for breaches of warranty in the sale of certain horses. The petition alleged (*inter alia*) that defendant was a non-resident of the State of Iowa, and that it was a partnership, with headquarters at Columbus, Ohio, and with a branch at Emmetsburg, Iowa. The transactions out of which the alleged causes of action arose were stated to have occurred in Iowa, and the alleged contracts to have been made in that State. At the same time the plaintiffs filed in the District Court an attachment bond, and caused a writ of attachment to be issued to the Sheriff of the county, who, according to the record, "thereunder garnisheed the United States Express Company, by serving on such garnishee notice of garnishment, and made return of such service."

Thereafter the defendants filed a petition and bond for removal of the cause into the United States Circuit Court

for the Northern District of Iowa, upon the ground of diversity of citizenship. The opening words of the petition were—"Come now the above named defendants, and respectfully show to the court that they are a copartnership composed of John R. McLaughlin and James B. McLaughlin, sole partners in and members of said copartnership, doing business at the City of Columbus, in the State of Ohio. That at the time of the commencement of this action, and ever since and now, the said copartnership, McLaughlin Brothers, and the said James B. McLaughlin, and John R. McLaughlin, and each of them, were and are residents, citizens, and inhabitants of the State of Ohio; . . . that the plaintiffs hereinabove named, and each of them, at the time of the commencement of this action, were and still are residents, citizens and inhabitants of the State of Iowa, and not of the State of Ohio." The remaining averments were in the usual form. The cause was removed accordingly.

After some time the Federal court made an order remanding it, the substance of which is as follows, viz.: "The Court, being advised in the premises, finds that this court has not jurisdiction of said cause, and sustains said motion (for a remand). It is ordered and adjudged that said cause be and the same is hereby remanded to the District Court of Iowa in and for Pocahontas County, from whence the same came, this court not having jurisdiction by reason of lack of evidence in the transcript filed herein, that said defendant had been served with notice of said proceedings."

The record shows that after a duly authenticated copy of this order had been filed in the District Court, "John R. McLaughlin and James B. McLaughlin appeared in said cause"—but without previous leave of the court—and filed a written motion setting up—"That they are the sole members and partners in the above-mentioned firm of McLaughlin Brothers, and the sole parties defendant

in interest herein, and that they are the parties and the
sole parties that are sued under the firm name of Mc-
Laughlin Brothers;" and then, after averring diversity of
citizenship, and that the matter in dispute exceeded two
thousand dollars, the motion proceeded as follows: "That
these parties are entitled to have this action tried in the
Circuit Court of the United States in and for the Northern
District of Iowa; that the only effect of maintaining this
action against these defendants in their partnership name
is to prevent a removal of the action to the said United
States Circuit Court; wherefore the said John R. Mc-
Laughlin and James B. McLaughlin move the court,
(1), for an order herein substituting these defendants in
their individual names as sole parties defendant herein,
and permitting them to appear herein and answer and
defend in their said individual names; (2) if the fore-
going is overruled, then that an order be made joining the
said John R. McLaughlin and James B. McLaughlin as
parties defendant herein, in their individual names, and
permitting them to appear, answer and defend in their
individual names."

Upon the same date, "The said defendants, McLaughlin
Brothers, appeared in said cause and filed therein their
application for substitution of parties," etc., adopting the
statements and allegations contained in the motion of the
individuals as above quoted, and thereupon moving the
court that the said individuals be either substituted in
place of the defendants, McLaughlin Brothers, as sole
defendants, or else joined as co-defendants with the firm.

And at the same time the partnership and the individ-
uals filed a petition, in the name of the individuals, for
the removal of the cause to the United States Circuit
Court, upon the same ground of diversity of citizenship
that was set up in the first petition for removal. A proper
bond was also filed.

To this second petition for removal and to the accom-

panying motions for substitution, etc., the plaintiffs in the action filed written objections, based in part upon the ground that the individual partners were not parties to the action and not entitled to make a motion for substitution or to be joined as parties; that the plaintiffs were entitled to bring their action against the copartnership without joining as defendants the members of the firm, and they having exercised this option the members of the firm were not, as against the plaintiffs' objection, entitled to be either substituted or joined as parties; and that the individual partners were not entitled to have the action tried in the Circuit Court of the United States. The District Court sustained these objections, and denied the several motions and the petition for removal.

Thenceforward the action appears to have proceeded in the District Court as against the partnership alone. "A Plea to Jurisdiction and Answer" was filed, which repeated the averments upon which the petitions for removal had been based, set up the filing of those petitions and bonds and the several applications for substitution or joinder of the individuals as parties defendant, and averred that by reason of the premises the state court had no jurisdiction to proceed further. Answer was at the same time made to the merits, and the action was thus brought to an issue.

There appears to have been a trial, resulting in a directed verdict for the defendants and a judgment thereon, from which the plaintiffs appealed to the Supreme Court of Iowa, where there was a reversal and award of a new trial. The transcript of the record as presented here is silent on the subject, but we are referred to the report of the case on the first appeal, 136 Iowa, 279.

Upon the second trial the defendants offered evidence to support the averments of the plea to the jurisdiction, which was overruled as irrelevant. A motion to direct a verdict in favor of defendant on the ground that because

of the proceedings for removal the District Court had no
jurisdiction was likewise overruled. There was a verdict
and consequent judgment for the plaintiffs for $3,755.02,
which upon appeal was affirmed by the Supreme Court of
Iowa (121 N. W. Rep. 1039), and the present writ of error
was sued out.

Except for the opinion delivered by the Supreme Court
upon the second appeal there is nothing in the record to
show what questions were raised in that court. After
referring to the first appeal, as reported in 136 Iowa, 279,
which admittedly raised no question of Federal right, the
opinion proceeds as follows: "But one new question is
here presented, and that arises on the following facts:
This action was commenced in December, 1903. It was
transferred to the United States Circuit Court upon the
defendants' application, where it was remanded to the
state court, because of want of jurisdiction of the Federal
court. In January, 1905, the defendants filed an applica-
tion in the District Court for the substitution of John R.
and James B. McLaughlin as defendants. This was
denied, and since such denial both trials have taken place
and more than three years elapsed, and the defendants
now appeal from the order denying substitution. There
was no right of substitution. The statute, Code, § 3468,
expressly provides that a partnership may sue or be sued
as a distinct legal entity. (Citing cases.) Under this
statute the plaintiffs had the absolute right to sue the
partnership alone or to join in such suit the individual
members of the partnership. They chose the former
course, and they cannot be deprived of such right upon
the application of the partnership, or of the individual
members thereof. (Citing cases.) The plaintiffs clearly
had the right to sue McLaughlin Brothers, the partnership,
alone. This they could not do in the Federal Court, and
the case was therefore not removable. *Ex parte Wisner*,
203 U. S. 449."

It is contended here that the state court deprived the plaintiffs in error of a Federal right by giving such effect to the local Code as to cut off the right of removal.

The statute under which plaintiffs brought their action is as follows:

"Actions may be brought by or against a partnership as such, or against all or either of the individual members thereof, or against it and all or any of the members thereof; and a judgment against the firm as such may be enforced against the partnership property, or that of such members as have appeared or been served with notice. A new action may be brought against the members not made parties, on the original cause of action." Code, 1897, § 3468.

The gist of the argument for the plaintiffs in error is that this section, whatever its effect upon the practice of the state courts, cannot interfere with a right of removal to the Federal courts given by the act of Congress; that the real parties in interest as defendants in the state court were the individual partners, and since they were citizens of Ohio, while the plaintiffs in the state court were citizens of Iowa, the defendants had the right of removal although sued in the partnership name; that the order of the Federal Circuit Court remanding the cause after the first removal was limited in its effect because based upon lack of evidence in the transcript that plaintiffs in error had been served with notice of the proceedings; and that the defendants, on thereafter appearing and filing motions for substitution, etc., were entitled to renew the application for removal, and, since they did this, the state court ought to have admitted the individual partners as defendants in order to enable them to assert the right of removal that is alleged to result from their interest in the suit and the diversity of citizenship between them as individuals and the plaintiffs; and that in denying the applications of the plaintiffs in error made in this behalf after the re-

manding order was filed the state court deprived them of a Federal right.

We are confronted, at the outset, with the question of the jurisdiction of this court to review the action of the state court in the premises.

That the order of the United States Circuit Court remanding the cause to the state court is not reviewable here is settled by *Missouri Pacific Ry. Co.* v. *Fitzgerald*, 160 U. S. 556. In that case this court declared (at p. 582):—"If the Circuit Court remands a cause and the state court thereupon proceeds to final judgment, the action of the Circuit Court is not reviewable on writ of error to such judgment. A state court cannot be held to have decided against a Federal right when it is the Circuit Court, and not the state court, which has denied its possession. The Supreme Court of Nebraska rightly recognized the courts of the United States to be the exclusive judges of their own jurisdiction and declined to review the order of the Circuit Court. As under the statute a remanding order of the Circuit Court is not reviewable by this court on appeal or writ of error from or to that court, so it would seem to follow that it cannot be reviewed on writ of error to a state court, the prohibition being that 'no appeal or writ of error from the decision of the Circuit Court remanding such cause shall be allowed.' And it is entirely clear that a writ of error cannot be maintained under § 709 in respect of such an order where the state court has rendered no decision against a Federal right but simply accepted the conclusion of the Circuit Court."

It is fundamental that plaintiffs in error, being debarred from bringing the remanding order under the review of this court, cannot accomplish the same object by indirection. And if the state court in denying the second petition for removal did no more than bow to the decision and order of the Federal court when it remanded the

record, it did not deny any Federal right of the plaintiffs in error within the meaning of § 709, Rev. Stat. That it was proper to deny the second petition if it presented no different question from that presented by the first is plain. *St. Paul & Chicago R. R. Co.* v. *McLean*, 108 U. S. 212, 217; *Chesapeake & Ohio Ry. Co.* v. *McCabe*, 213 U. S. 207, 217.

This brings us to the question whether between the filing of the first petition for removal and the second there had been any change in the situation, presenting the right of removal upon a better ground than that which was overruled by the United States Circuit Court when it remanded the cause. As already mentioned, the insistence is that the remanding order was based upon the fact that the defendants had not been served with notice of the proceedings; and it is insisted that this difficulty was obviated by the subsequent appearances and motions. In order to pass upon this contention we should first examine the state practice.

Under the Iowa Code, 1897, § 3514, action in a court of record is commenced by serving the defendant with a notice, informing him of the name of the plaintiff, that a petition is, or by a date named therein will be, filed in the office of the clerk of the court wherein action is brought, naming it, and stating in general terms the cause of action, and that unless the defendant appears and defends before a stated time his default will be entered and judgment or decree rendered against him. The sections following provide the method of making personal and substituted service and, in case of absent defendants, service by publication in certain cases. By § 3541 it is prescribed that the mode of appearance may be by delivering to the plaintiff or the clerk of the court a written memorandum of appearance signed by the defendant or his attorney; or by entering an appearance in the appearance docket or judge's calendar, or by announcing to the court an

appearance, which shall be entered of record; or "by
an appearance, even though specially made, by himself
or his attorney, for any purpose connected with the cause,
or for any purpose connected with the service or insuffi-
ciency of the notice; and an appearance, special or other,
to object to the substance or service of the notice, shall
render any further notice unnecessary, but may entitle
the defendant to a continuance," etc.

By §§ 3876 to 3878 it is provided that the plaintiff
in a civil action may cause the property of the defendant
not exempt from execution to be attached at the com-
mencement or during the progress of the proceedings,
but if this be done subsequent to the commencement
of the action a separate petition must be filed, and "in
all cases the proceedings relative to the attachment are
to be deemed independent of the ordinary proceedings
and only auxiliary thereto." The grounds upon which
an attachment may be procured are, that the defendant
is a foreign corporation, or acting as such, or is a non-
resident of the State, or is about to remove his property
out of the State, or has disposed or is about to dispose of
his property with intent to defraud his creditors, etc.,
etc. By § 3897, property of defendant in the possession
of another, or debts due to defendant, may be attached
by garnishment. By § 3924, if judgment is rendered for
the plaintiff in any case in which an attachment has been
issued, the court is to apply in satisfaction thereof any
money seized by or paid to the sheriff under the attach-
ment, and the proceeds of sales of other attached property.
Subsequent sections provide for the mode of giving no-
tice to a garnishee, and for obtaining a judgment against
him. By § 3947 such judgment shall not be entered until
the principal defendant shall have had ten days' notice
of the garnishment proceedings. Section 3948 permits
the defendant in the main action to set up by a suitable
pleading filed in the garnishment proceedings, facts

showing that the debt or the property with which it is sought to charge the garnishee is exempt from execution or for any other reason is not liable for plaintiff's claim.

The state courts have held that the effect of § 3541 is to subject a defendant who comes into court for any purpose connected with the cause (even under a "special" appearance) to the general jurisdiction of the court. *Des Moines Branch &c.* v. *Van,* 12 Iowa, 523; *Robertson* v. *Eldora R. Co.,* 27 Iowa, 245, 248; *McFarland* v. *Lowry,* 40 Iowa, 467; *Johnson* v. *Tostevin,* 60 Iowa, 46; *Lesure Lumber Co.* v. *Mutual Fire Ins. Co.,* 101 Iowa, 514, 519; *Locke* v. *Chicago Chronicle Co.,* 107 Iowa, 390, 395; *Rummelhart* v. *Boone,* 126 N. W. Rep. 338, 339. As to whether this is "due process of law" in the state courts within the meaning of the Fourteenth Amendment, see *York* v. *Texas,* 137 U. S. 15; *Kauffman* v. *Wooters,* 138 U. S. 285. As to the applicability of the rule of practice to the Federal courts under the Conformity Act (Rev. Stats., § 914), see *Southern Pacific Co.* v. *Denton,* 146 U. S. 202, 208; *Mexican Central Ry.* v. *Pinkney,* 149 U. S. 194, 203.

With respect to § 3468, permitting actions to be brought against a partnership as such, or against all or either of the individual members thereof, or against the partnership and all or any of the members thereof, and declaring that a judgment against the firm as such may be enforced against the partnership property, or that of such members as have appeared or been served with notice, the courts of Iowa have construed this as dealing with the partnership as an entity distinct from the individual members, and as conferring upon the plaintiffs the option of suing the partnership alone instead of joining in the suit the individual members of the firm. In so holding in the present case the Supreme Court of Iowa did but follow previous decisions of the same court. *Brumwell* v. *Stebbins,* 83 Iowa, 425, 428; *Ruthven* v. *Beckwith,* 84 Iowa, 715, 717; *Baxter* v. *Rollins,* 110 Iowa, 310.

The United States Circuit Court, in remanding the cause, followed its previous decision in *Ralya Market Co.* v. *Armour*, 102 Fed. Rep. 530. This likewise was an action brought under § 3468 of the Code of Iowa against a co-partnership, without service upon the individual partners. It was remanded on the ground that in that form the cause was not removable for the reason that it was not an action of which the Federal court could have taken jurisdiction originally if brought in the first instance in that court; and this because citizenship within the meaning of the Federal Constitution could not be predicated of a partnership, and so there could be no diversity of citizenship. Two decisions of this court were relied upon as authority for this view, *Chapman* v. *Barney*, 129 U. S. 677, 682; *Great Southern Hotel Co.* v. *Jones*, 177 U. S. 449, 454. (And see *Thomas* v. *Board of Trustees*, 195 U. S. 207, 211.) At the same time the court said (102 Fed. Rep. at p. 534): "If the partners had applied to the State court to be substituted as defendants in place of the firm, so that the suit would then have been only against the individuals, partners doing business under the firm name, the case might possibly then have been removable, as it would have been then pending against the individuals only, and the citizenship of the defendants could then have been shown to be different from that of the plaintiff." And see *Bruett & Co.* v. *Austin Drainage Excavator Co.*, 174 Fed. Rep. 668, 672.

It is clear, therefore, that the Federal court, in remanding the present case, did so upon the ground that the individual members of the firm had not been joined as parties, and that under the Iowa practice of suing the partnership as a separate entity there was, within the meaning of the Removal Act, no diversity of citizenship. And it is equally plain that the clause—"This court not having jurisdiction by reason of lack of evidence in the transcript filed herein that said defendant had been served

with notice of said proceedings," was inserted in order to enable the partners to apply to the state court to be substituted as defendants in the place of the firm, and then raise the question whether the action in its changed form was removable, as the opinion just cited intimated that it might be. Of this opportunity the defendants availed themselves, as already shown.

The construction we have placed upon the qualifying clause quoted from the remanding order is evidently correct from what has already been said. Such was the construction placed upon it by the subsequent conduct of the defendants in the state court. And the same construction is, in effect, conceded in their briefs in this court, which state that "the order remanding the cause upon the first removal was upon the specific ground of lack of evidence in the transcript that plaintiffs in error had been served with notice of the proceedings." And again,—"The case having been remanded solely because of absence of notice, the defendants on appearing and filing motions for a substitution were entitled to renew their applications for removal." And still again,—"The plaintiffs in error sought by motion for substitution, in accordance with the suggestion in *Ralya Market Co.* v. *Armour*, 102 Fed. Rep. 530, to eliminate this question,"— referring to the question of "the supposed inability of the Federal court to entertain an action against a partnership, which has been the constant claim of the defendants in error in the lower courts, and which plaintiffs in error sought to obviate."

The clause quoted from the remanding order hardly admits, we think, of the construction that the reason for denying the jurisdiction was that the copartnership defendant (as distinguished from the individual partners), had not been served with notice of the suit or of the attachment proceedings; for such non-service, if it rendered the proceedings defective, was not waived by the pres-

entation of a petition for removal, but on the contrary, was one of the very matters that might be adjudicated upon by the Circuit Court; (*Goldey* v. *Morning News*, 156 U. S. 518, 523; *Wabash Western Ry.* v. *Brow*, 164 U. S. 271, 279; *Clark* v. *Wells*, 203 U. S. 164, 171; *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437, 441; *Davis* v. *C., C. C. & St. L. Ry.*, 217 U. S. 157, 174). And it is unreasonable to construe the remanding order as meaning that service of notice upon the copartnership defendant was necessary to initiate the proceeding so as to make it a "suit" within the meaning of § 3514 of the State Code, as distinguished from an "independent" or "auxiliary" proceeding by attachment within the meaning of § 3877, (see *In re Receivership of Iowa & Minnesota Construction Co.*; 6 Fed. Rep. 799, 801; *Long* v. *Long*, 73 Fed. Rep. 369, 372; *Bank* v. *Turnbull & Co.*, 16 Wall. 190, 195), because it would seem clear that notice to the copartnership, as such, sufficient at least to constitute the proceeding a suit or controversy within the meaning of the state practice, and so as to bring it within the reach of the Removal Act, was evidenced by the filing of the first petition for removal, which, as above stated, was made in the name of the copartnership, and set forth an appearance by the copartnership for the purpose of asserting the right of removal; and, as we have seen, such an appearance, under § 3541 of the Code, rendered further notice unnecessary, so far as the requirements of the state practice were concerned.

Having, as already pointed out, no jurisdiction to review the remanding order, we intend no expression of opinion upon the correctness of the grounds upon which it was based, and have dealt thus at length with the construction of its language only because we are concerned with the effect that was given and ought properly to have been given to it by the state court.

Whatever construction may be placed upon it, we

cannot see that the plaintiffs in error by the subsequent proceedings gave themselves any better right to removal than that which was asserted by the first petition, was then acceded to by the state court, and was overruled by the Circuit Court in remanding the cause.

Reliance is placed upon *Powers* v. *Chesapeake & Ohio Ry.*, 169 U. S. 92, 100, and *Fritzlen* v. *Boatmen's Bank*, 212 U. S. 364, 372. But those cases dealt with a change in the situation in the state court after an order of remand had been made, and resulting from subsequent dealings or conduct of the parties in which the opposing party participated. They are not pertinent here, where there was no change in the situation of the parties on the record, and merely an unsuccessful application to change it, made by the parties asserting the right of removal, and opposed, and successfully opposed, by the other parties.

The mere entry of appearances in the state court, after the filing of the remanding order, made no substantial change in the situation, for reasons that have been indicated. And whether the state court, at the instance of the defendants, should have admitted the individual members of the partnership as additional parties, or should have substituted them in place of the firm as sole defendants, is a question of local law and practice, the decision of which by the state court does not concern us, saving so far as it may affect the right of the defendant firm or the individual partners thereof to have the cause heard and determined in the Federal court. If, therefore, the action of the state court in refusing to allow the substitution is reviewable upon the present writ of error, it is only because the application for such substitution was made as a step towards the assertion of the right of removal. But, from what has been said, it is sufficiently clear that the grounds, and the only grounds, set up as the basis alike for the motion for substitution and the second petition for removal are the same grounds that were

alleged in the first petition for removal; that is to say, that John R. McLaughlin and James B. McLaughlin were the sole members and partners of the firm of McLaughlin Brothers, and the sole parties interested as defendants, and that they and their firm were citizens, residents, and inhabitants of the State of Ohio, while the plaintiffs were citizens, residents, and inhabitants of the State of Iowa. In short, if the defendants were entitled to have the proceedings moulded in aid of their asserted right of removal, they were entitled to have the cause removed without any modification of the proceedings. The state court having refused to change the character of the action, the situation was precisely the same as when the first petition for removal was filed, and the court properly held itself bound by the remanding order.

Therefore, if any Federal right of the plaintiffs in error was denied, it was denied by the United States Circuit Court, and not by the state court.

In discussing the matter we have assumed, in favor of the plaintiffs in error, that the question here dealt with was raised by them in the Supreme Court of Iowa; a matter that is not entirely clear, since the opinion makes no reference to the second petition for removal, and aside from the opinion the record does not disclose what questions were raised.

We have also assumed that the second petition for removal was filed in due season, and was not subject to certain other objections raised against it by the defendants in error. We must not be understood as having passed upon these questions.

*Writ of error dismissed.*