### CARL LAEMMLE MUSIC CO. et al. v. STERN et al.

(District Court, S. D. New York. October 16, 1913.)

1. COURTS (§ 308*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

   A suit in a federal court sitting in New York, in which complainants were an Illinois corporation and four residents of New York and defendants were likewise residents of New York, was not maintainable on a ground of diverse citizenship.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*]

2. COURTS (§ 508*)—FEDERAL COURTS—JURISDICTION—COPYRIGHTS.

   Copyright Act March 4, 1909, c. 320, § 25, 35 Stat. 1081 (U. S. Comp. St. Supp. 1911, p. 1480), authorizing injunctions to restrain infringement of copyrights, does not authorize a suit to restrain the state courts from prosecuting certain actions against complainants to restrain them from publishing and selling a certain song in which they relied on a copyright as a defense.

   [Ed. Note.—For other cases, ·see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

3. COURTS (§ 508*)—SUBJECTS OF RELIEF—PROCEEDINGS IN STATE COURT.

   Defendants sued complainants in a state court for breach of contract to transfer a song of which one of the complainants was the author, alleging that complainant corporation, with knowledge of defendants' rights, had published and sold large numbers of copies. In answer. complainant corporation set up a copyright of the song as a defense. Defendants successfully demurred, and on the trial the corporation was enjoined from

---

publishing the song. Afterwards defendants sued complainants at law for damages for publishing the song, which action was pending when complainants sued to restrain the further prosecution of the actions at law. *Held* that, since the state court had jurisdiction of the proceedings there would under no circumstances be any ground for such an injunction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

4. Courts (§ 508*)—Federal Courts—Jurisdiction.

A federal court has no jurisdiction to restrain the further prosecution of suits in a state court, although the state court had no jurisdiction, unless it be to protect its own jurisdiction previously acquired. Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), covers such a case, and the only remedy is by appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

In Equity. Suit by the Carl Laemmle Music Company and others against Joseph W. Stern and another doing business as Joseph W. Stern & Company. On motion to dismiss bill. Granted.

This is a motion to dismiss a bill in equity, and is therefore to be determined solely by the bill itself. The complainants are an Illinois corporation and four residents of New York, and both defendants are residents likewise of New York. The bill alleges that the individual complainants composed a song to which the corporation afterwards acquired title and upon which it secured a copyright; and afterwards the defendants brought an action against the individual complainant in the Supreme Court of the state of New York, to enjoin their use of this copyright. The defendants' complaint in the state court alleged that the complainant Solman was the author of the song; that he was under contract to convey it to the defendants, in whom the title was therefore vested; and that the complainant corporation, with knowledge of the defendants' rights, had published and sold large numbers of copies. In the answer in the action in the state court the complainant corporation set up its copyright as a defense, to which the defendants successfully demurred. Afterwards the case was tried, and the complainant was again unsuccessful; the corporation being enjoined from publishing the work in question, and on appeal to the Appellate Division this decree was affirmed. Afterwards the defendants sued all the complainants at law for damages in publishing the said song, which action is still pending. The bill concludes with a prayer of injunction against the prosecution of these suits in the state court.

George N. Sage, of New York City, for complainants.
Theodore B. Richter, of New York City, for defendants.

HAND, District Judge (after stating the facts as above). [1, 2] I can see no possible jurisdiction over such a suit as this. It does not depend on diverse citizenship, and may perhaps be thought to rest upon the seventh subdivision of section 24 of the Judiciary Act (Act March 3, 1911, c. 231, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]) as a suit arising under the Copyright Law. That statute, section 25 (Act March 4, 1909, c. 320, 35 Stat. 1081 [U. S. Comp. St. Supp. 1911, p. 1480]), only authorizes suits for infringement, of which this is not one. Nor does this suit arise under the laws of the United States (subdivision 1 of section 24).

[3] It is true that the state suit will incidentally affect the copyright, because the copyright law gives the protection of the statute only to the author or proprietor of the literary property in question, and

the question of ownership will be determined in the state suit. That determination will be fatal to any subsequent suit on the copyright itself, but there is no rule anywhere in the books which suggests that a federal court may enjoin a state court from determining a question of fact which may afterwards turn out to be vital to some right secured by a law of the United States. Supposing, for instance, A. registers some mark, itself a wrongful infringement of another's common-law trade-mark. Is it not absurd to suppose that a state court has no jurisdiction to entertain a suit to enjoin the infringement of the common-law mark, because the adjudication will eventually defeat the registered trade-mark? Or, suppose that A., stealing a trade secret, gets a patent upon it. Can it be said that a state court may not enjoin A. because the result will be to establish by estoppel some fact which will defeat A.'s patent if he sues upon it? There are many questions constantly decided in the state courts which may destroy or validate rights granted under the laws of the United States. The idea that, as soon as it appears that some such question of fact is shown to exist, the state court may be enjoined from acting, has no support in precedent or principle.

[4] Furthermore, even though the state court were wrong, the only remedy would be an appeal to the Supreme Court of the United States, for section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581) is designed to meet just such a case. The plaintiff, having a right secured him by the laws of the United States, has recourse to the federal courts, when he sues on that right; but, if the state courts commit some error in cases where his right is incidentally involved, he must wait for an appeal. Congress does not mean that inferior federal courts are to enjoin proceedings elsewhere for supposed errors of those judges. It is substantially only in cases of bankruptcy or where it is necessary to protect their own pre-existing possessory jurisdiction that an inferior federal court may enjoin such suits.

The complaint will be dismissed, with costs.