# EX PARTE IN THE MATTER OF MATTHEW ADDY STEAMSHIP & COMMERCE CORPORATION, PETITIONER.

## PETITION FOR WRIT OF MANDAMUS.

No. 30, Original. Argued April 11, 1921.—Decided May 16, 1921.

An order of the District Court remanding a case to the state court can not be reviewed by this court by mandamus. P. 418. Jud. Code, § 28.

Rule discharged; petition dismissed.

THE case is stated in the opinion.

*Mr. T. K. Schmuck*, with whom *Mr. Nelson B. Cramer* was on the briefs, for petitioner.

*Mr. Edward R. Baird, Jr.*, and *Mr. Gilbert R. Swink* for respondent.

MR. JUSTICE CLARKE delivered the opinion of the court.

The Coalmont Moshannon Coal Company, a Pennsylvania corporation, filed its petition in the Circuit Court of the City of Norfolk, Virginia, against the petitioner, Matthew Addy Steamship & Commerce Corporation, a Delaware company, for the recovery of damages for the alleged breach of a contract, and, under Virginia practice, garnisheed other defendants. In due time, and in proper form, the defendant, the petitioner herein, filed its petition for the removal of the case to the District Court of the United States for the Eastern District of Virginia. Thereafter the plaintiff in the state court filed a motion to remand the case, claiming that it was not removable for the reason that the plaintiff and the principal defendant

were non-residents of the Eastern District of Virginia. The District Court sustained this motion and ordered the case remanded to the state court.

The petition in this proceeding prays that a writ of mandamus shall be issued, directing the District Judge for the Eastern District of Virginia, to vacate the order remanding the case, to redocket it in the District Court, and that it thereupon be heard and determined according to law. A rule to show cause was issued and the judge has filed his return, in which he asserts that the petition should be dismissed, for the reason that mandamus is not an appropriate remedy, because not permitted by the provisions of § 28 of the Judicial Code, reading as follows:

"Sec. 28. . . . Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

This language of the Judicial Code first appeared in the Act of Congress of March 3, 1887, c. 373, 24 Stat. 552, as reënacted on August 13, 1888, c. 866, 25 Stat. 433, and it has continued unchanged except by the substitution of the District for the Circuit Court.

In 1890, in the case of *In re Pennsylvania Co.*, 137 U. S. 451, it was held that the power which this court had before the passage of the acts, *supra*, to afford a remedy by mandamus when a cause, removed from a state court was improperly remanded thereto, was taken away by these acts. Upon full consideration of the prior legislation, this court in the opinion in that case said of the language of the statute quoted, p. 454:

"In terms, it only abolishes appeals and writs of error, it is true, and does not mention writs of mandamus; and

it is unquestionably a general rule, that the abrogation of one remedy does not affect another. But in this case, we think it was the intention of Congress to make the judgment of the Circuit Court remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words 'such remand shall be immediately carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error."

In *Fisk* v. *Henarie*, 142 U. S. 459, 468, *In re Pennsylvania Co.*, *supra*, was cited as authority for the declaration that "review on writ of error or appeal, or by mandamus is taken away" by the statutes cited.

In *Missouri Pacific Ry. Co.* v. *Fitzgerald*, 160 U. S. 556, 581, this court said: "It was subsequently decided in the case of *In re Pennsylvania Co.*, 137 U. S. 451, 454, that the power to afford a remedy by mandamus when a cause, removed from a state court, is improperly remanded, was taken away by the Acts of March 3, 1887, and August 13, 1888."

In *Powers* v. *Chesapeake & Ohio Ry. Co.*, 169 U. S. 92, 98, it was said that an order remanding a case such as we have here "is not reviewable by this court."

In *McLaughlin Brothers* v. *Hallowell*, 228 U. S. 278, it is held that an order of the United States Circuit Court, remanding a case to a state court, is not reviewable here, directly or indirectly, citing *Missouri Pacific Ry. Co.* v. *Fitzgerald*, 160 U. S. 556.

It is obvious that this statute, and these decisions interpreting it, rule the case at bar and require that the petition for mandamus be dismissed.

It is not important to inquire to what extent, if at all, *Ex parte Wisner*, 203 U. S. 449, and *In re Moore*, 209 U. S. 490, departed from the statute and decisions cited, for the correct rule with respect to the function and use of the writ of mandamus has been so often announced in other later cases that it has become entirely settled. *Ex parte Harding*, 219 U. S. 363; *McLaughlin Brothers* v. *Hallowell*, 228 U. S. 278; *Ex parte Roe*, 234 U. S. 70; *Pacific Live Stock Co.* v. *Lewis*, 241 U. S. 440, 447; *Ex parte Park Square Automobile Station*, 244 U. S. 412; *Ex parte Park & Tilford*, 245 U. S. 82.

The conflict of opinion in the lower courts with respect to the right of removal from a state court of a case in which the opposing parties are citizens of different States and neither is a resident of the State in which the case is commenced, is much to be regretted, but § 28 of the Judicial Code is controlling, and Congress alone has power to afford relief.

*Rule discharged.*
*Petition dismissed.*