## THE MALICOR.

## MARINE LIGHTERAGE CORPORA-
## TION v. GILKES.

(District Court, E. D. New York. October 30, 1925.)

**Clerks of courts ⬤⟹48—Clerk held not entitled to fee for entering order discontinuing action on consent; "final order."**

Under Act Feb. 11, 1925, § 4, requiring clerk to collect $5 fee from "prevailing party" on entry of any final order, clerk is not authorized to collect fee on filing order discontinuing action on consent; "final order" being order adjudicating and determining rights of parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

After discontinuance, by consent of a libel by William Beard and others against the steam lighter Malicor and another, libelee, the Marine Lighterage Corporation moved for a writ of mandamus against Hon. Percy G. B. Gilkes to compel the filing of the order of discontinuance without payment of additional fee. Motion granted.

Ralph C. Greene, U. S. Dist. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City.

Abraham M. Grill, of New York City (Edward F. Quinn, of New York City, of counsel), for claimant.

CAMPBELL, District Judge. This matter comes before the court on a motion for a writ of mandamus to compel the clerk of this court to file an order of discontinuance in this action without requiring the payment of an additional fee of $5. The instant suit was commenced in admiralty by filing a libel in this court on June 24, 1925. Thereafter, on July 23, 1925, an answer was filed and the required fee of $5 was paid.

No other steps were taken until the 8th day of October, 1925, when an order was granted on consent discontinuing the action. The order of discontinuance the clerk refuses to file until an additional fee of $5 is paid, as he contends the law requires to be paid.

Libelant contends that the law does not provide for the payment of such fee of $5 to the clerk on the filing of such order, and asks that a writ of mandamus issue, compelling the clerk to file such order without paying such fee.

Section 4 of the new fee bill (Act Feb. 11, 1925, 43 Stat. 857) which went into effect on July 1, 1925, reads as follows:

"Upon the entry of any judgment, decree, or final order of the court in any suit or proceeding there shall be charged and collected by the clerk, from the prevailing party or parties, as an additional fee for services performed and to be performed in said suit or proceeding, the further sum of $5: Provided, however, that in any criminal case the clerk shall not be required to account for any such fee not collected by him."

This section does not seem to have been construed. The order to be entered must be a "final order of the court," and of course in one sense an order of discontinuance is final as to that action, in that no further steps can be taken in it, but it does not adjudicate the rights of either party, nor does it prevent the institution of another action for the same cause, as there is no final determination in such action by such order either upon the law or the facts.

Furthermore the said section also provides that the said sum shall be "collected by the clerk, from the prevailing party or parties," and clearly in the event of a discontinuance there is no prevailing party as the effect of the discontinuance is the same as a nonsuit, and all questions so far as the court is concerned are left in the same undecided state as they were before the action was commenced.

It therefore seems to me, in the absence of any authority to the contrary, that what Congress intended to describe in said section as "final order" was one which adjudicated, fixed, and determined the rights of the parties in the action or proceeding, and in which it was determined that a party or parties prevailed, and that it does not apply to an order of discontinuance entered on consent, which in effect amounts to a withdrawal of the cause from the determination of the court, and in which cause no one can be said to have prevailed.

Motion granted.

Settle on notice. A stay of fifteen days after service of the writ of mandamus will be granted to the clerk to allow him an opportunity to appeal if he shall so desire.