In re TAXATION OF COSTS IN ACTIONS IN EQUITY AND AT LAW, INCLUDING CRIMINAL CASES.

(District Court N. D. Ohio, E. D. February 25, 1927.)

1. Clerks of courts �kö=48—Clerks can charge only single fee of $5 against defendant in criminal case on plea of not guilty, and then only when costs are assessed against him by judgment (Act Feb. 11, 1925, § 3 [Comp. St. § 1383c], as amended by Act Jan. 22, 1927, c. 50, § 1).

Under Act Feb. 11, 1925, § 3 (Comp. St. § 1383c), as amended by Act Jan. 22, 1927, c.

50, § 1, but a single fee is to be charged by the clerk of a District Court against a defendant in a criminal case, which is a fee of $5 to be charged against each defendant on his plea of not guilty, but only where by the judgment costs are assessed against him.

2. Clerks of courts ⊖=47—Statute requiring collection of fee for filing of paper joining "issue" means issue of fact (Comp. St. § 1383c).

In Act Feb. 11, 1925, § 3 (Comp. St. § 1383c) providing for the charging and collecting by the clerk of a fee of $5, on the filing of any answer or paper joining issue, the word "issue" means an issue of fact, and the provision does not apply to a demurrer, motion to dismiss, or exception raising an issue of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue (in Practice).]

3. Clerks of courts ⊖=47—After payment by one defendant of $5 fee, any party separately appearing by intervention or otherwise need only pay single $2 fee on filing first paper (Comp. St. § 1383c).

The provision of Act Feb. 11, 1925, § 3 (Comp. St. § 1383c), that after one fee of $5 has been paid by any defendant, cross-petitioner, intervener, or party, other defendants, cross-petitioners, interveners, or parties separately appearing or filing any answer or paper in the suit shall pay a further fee of $2 for each answer or paper so filed, any party so separately appearing is required to pay but a single fee of $2 on the filing of his first paper.

4. Clerks of courts ⊖=48—On entry of final judgment, order, or decree, prevailing party must be charged by clerk $5 fee, which, however, cannot be taxed on entry of interlocutory order or decree in equity (Comp. St. § 1383d).

The provision of Act Feb. 11, 1925, § 4 (Comp. St. § 1383d), requiring the clerk of a District Court to charge and collect from the prevailing party an additional fee of $5 on entry of any judgment, decree, or final order, requires taxation of such fee on entry of any final judgment or final decree, or any order finally disposing of a pending suit in that court entered as the result of adversary, as distinguished from voluntary, action. It does not authorize taxation of the fee on entry of an interlocutory order in equity.

5. Clerks of courts ⊖=48—Clerk may collect from prevailing party $5 fee on remand to state court, but not on voluntary dismissal (Comp. St. § 1383d).

The provision of Act Feb. 11, 1925, § 4 (Comp. St. § 1383d), requiring the clerk of a District Court to charge and collect from the prevailing party an additional fee of $5 on entry of any judgment, decree, or final order applies to an order remanding the cause to a state court, but not to one on a voluntary dismissal, as to which, though the order is final, there is no prevailing party.

In the matter of taxation of costs in actions in equity and at law, including criminal cases.

WESTENHAVER, District Judge. The clerk of this court has submitted for determination certain questions of law arising in the taxation of costs in suits in equity and actions at law, including criminal prosecutions by indictment or information. These questions arise under sections 3 and 4, Act of February 11, 1925, entitled "An act to provide fees to be charged by clerks of the District Courts of the United States." See 43 Stat. 857 (U. S. Comp. Stat. 1925, §§ 1383c and 1383d). These sections are quoted in full in the margin.[1] Section 3 has been amended by Act Jan. 22, 1927, c. 50, § 1. The amendment consists in modifying the last proviso of said section, so that the sum of $5 in a criminal case shall not be demanded unless and until by judgment of the court the costs are assessed against a defendant.

The specific questions propounded under section 3 are as follows: (1) Should the $5 and $2 fee be charged upon the filing of a demurrer, plea in abatement, or other paper joining issue or raising an issue of law in criminal cases? (2) Should the $2 fee under section 3 be charged when an answer, demurrer, or other paper is filed by a defendant other than the first defendant? (3) If the $5 fee and $2 fee, above mentioned, are charged, should the fee on a plea of not guilty, if such a plea is entered, be charged in addition thereto? The specific questions propounded under section 4 are: (1) Is the $5 fee chargeable upon the entry of an interlocutory de-

cree? (2) If charged on the entry of an interlocutory decree, should an additional fee be charged when the final decree is entered? (3) Is an order remanding a case to the state court a final order under section 4 for which a $5 fee should be charged?

The answer to these several questions depends primarily upon the correct interpretation of the language used in said sections. The act consists of eight sections. It will aid in construing the language of these two sections to consider the entire act and the prior statutes pertaining to the taxing of costs. It was obviously intended as a substitute for section 828, R. S., and Act June 28, 1902, c. 1301, § 1 (32 Stat. 476 [U. S. Comp. Stat. 1918, §§ 1383 and 1384]). The statutes last cited are not repealed by number or date, but only by a general provision that all laws or parts of laws inconsistent or repugnant to the provisions of the Act of February 11, 1925, are repealed. The prior statutes deal specifically with the same subject-matter and are in part inconsistent. They did not deal with costs to be charged and collected in bankruptcy or naturalization proceedings, and it may be assumed that these proceedings are not within the scope of the new act. The clerk is authorized by section 828 to charge and collect a specific fee for each item of service performed in every action at law or suit in equity. These items are set forth in great detail. See U. S. v. Van Duzee, 140 U. S. 169, 11 S. Ct. 758, 35 L. Ed. 399. It was obviously a heavy burden on the clerk to perform the duty of taxing and collecting them.

It is obvious that the Act of February 11, 1925, was passed in view of this situation, and was intended to substitute for numerous items of cost, certain fixed and definite fees. This is evidenced, not merely by sections 3 and 4 (Comp. St. §§ 1383c, 1383d), but also by sections 1, 5, 6, 7 (sections 1383a, 1383e–1383g), and particularly by section 8 (section 1383h). The last section preserves a small part only of the provisions of section 828. It fixes the fees to be charged and collected for services not performed in pending cases, and to some extent in such cases. Section 2 provides a fixed fee of $5 to be charged upon the institution of any suit. Section 5 provides that a fee of $5 shall be taxed upon the filing of a petition for appeal or writ of error. Section 6 provides for a single fee of $5 in habeas corpus cases, and an additional fee of $5 in the event of an appeal from an order of the District Court in any such case. Section 7 provides for an additional fee of $5 in the event of an additional trial or

[1] "Sec. 3. Upon the filing of any answer or paper joining issue, or the entering of order for trial, there shall be charged and collected by the clerk, from the party or parties filing any such answer or paper, for services performed and to be performed by said clerk in said case or proceeding the further sum of $5: Provided, that after one fee, as hereinbefore provided in this section, has been paid by any defendant, cross-petitioner, intervenor, or party, other defendants, cross-petitioners, intervenors, or parties separately appearing or filing any answer or paper in said suit or proceeding, shall pay a further fee of $2 for each answer or paper so filed: And provided further, that upon a plea of not guilty in any criminal case there shall be charged in the costs the sum of $5, which, however, shall not be demanded of any such defendant unless and until by order, judgment, or decree of the court the costs in the case are taxed and assessed against him.

"Sec. 4. Upon the entry of any judgment, decree, or final order of the court in any suit or proceeding there shall be charged and collected by the clerk, from the prevailing party or parties, as an additional fee for services performed and to be performed in said suit or proceeding, the further sum of $5: Provided, however, that in any criminal case the clerk shall not be required to account for any such fee not collected by him."

hearing following upon a reversal or a disagreement of a jury.

These sections, as well as the provisions of sections 3 and 4, emphasize the general purpose of the act; i. e., to fix definite fees to be charged and collected in all cases at certain stages or intervals in the proceedings. It may be inferred that Congress believed a small number of uniform charges in all cases would be just and reasonable, regardless of the greater or less services required in different cases. It may be presumed that the fees so fixed would produce the same gross result in the matter of earnings, and would at the same time relieve clerks from much labor and expense in keeping books, and much risk of loss by overlooking numerous small items. It is against the background of this obvious purpose and legislative policy that the language of sections 3 and 4 must be construed and the questions answered.

[1] Coming to section 3, I think that the last proviso is the one primarily dealing with costs in criminal cases. The preceding parts of the section deal primarily with civil cases. Under this section, only one fee of $5 is to be taxed in any criminal case against any one defendant. The stage in the proceedings at which this fee is to be charged is when a plea of not guilty is entered. It was not intended that either the $5 or $2 fee should be charged and paid in a criminal case. This intent is emphasized by the amendment of January 22, 1927, which prohibits demanding the $5 fee from a defendant in a criminal case until a judgment has been entered, assessing the same against him. If it had been intended that the fees provided for in the preceding parts of the section were to be charged against him, it is probable that a like prohibition against their collection would have been imposed. I think, also, that the $5 fee on a plea of not guilty is chargeable against each defendant in a criminal case. The language is "any defendant," and not "the defendants." This language is contrasted with the words "a criminal case," and means nothing else than that each and every defendant in a criminal case is made subject to it.

My categorical answer to question 1 is that the $5 fee, provided by section 3, is not to be charged upon the filing of a demurrer, plea in abatement, or other paper raising merely an issue of law, but only when the case has reached that stage that the defendant has entered a plea of not guilty, thereby joining issue for a trial. My categorical answer to question 3 is that the $5 and $2 fees, mentioned in the first part of section 3, are not to be charged to a defendant in a criminal case

in addition to the $5 fee required when a plea of not guilty is entered. If his only plea is "guilty," then the only charges are provided in sections 4 and 8.

[2] The second question propounded under section 3 turns on what is meant by the words "filing of any answer or paper joining issue or the entering of an order for trial." This language is a little obscure. It is probably accounted for by the different practice prevailing in different jurisdictions in making up an issue for a trial. In some jurisdictions, no answer or plea is filed in law cases, but the defendant merely appears and demands a trial. But the general purpose is to impose this fee at that stage in the proceedings when the case has advanced to a point that it is seen that the trial or determination of some issue is required, and I am of opinion that the trial in question must be upon an issue of fact. The words "joining of issue" and "order for trial" are appropriate only to describe an inquiry into facts and a determination of an issue depending thereon. They are not appropriate to describe the determination of a question of law arising upon a motion or demurrer or exception. To be sure, if the answer or paper so filed is in the nature of a plea in abatement, which tenders an issue of fact to be tried either to a court or jury, the statutory condition would arise, calling for the charging of the fee. It is in this situation, and only in this, that the case has reached that stage contemplated by the statute which requires a fee to be charged and taxed. If the defendant prevails on demurrer or motion to dismiss, the stage in the proceeding contemplated by the statute has not arrived. In that situation, the fee to be charged is that prescribed by section 4, which requires a charge of $5 against the prevailing party, upon the entry of any judgment, decree, or final order.

[3] Under section 3, when there is more than one defendant, all of whom join in the same answer or paper joining issue, the statute does not, I think, authorize a charge of more than one $5. If thereafter any other party appears separately and files an answer or paper, he is required to pay a further fee of $2. The language of the section is again somewhat obscure. The words are "a further fee of $2 for each answer or paper so filed." These evidently must be limited by the general purport of the section. Obviously it was not intended that, each time a belated intervener appears and files a paper, a fee of $2 should be charged. To do so would burden him much in excess of other defendants and would be in conflict with the general scope of

the act. Considering the statute as a whole, and having in mind its general object, that a single fee of $2 was to be charged to such intervener, and that such charge was intended to be the equivalent of the fixed fee of $5 provided by the first sentence of the section, I am also of opinion that the statute makes this fee chargeable at the time such belated party appears or intervenes and files his first answer or paper. The case has already reached that stage when it appears that a trial to a court or jury is necessary. My categorical answer to question 2 is "Yes."

[4] The questions propounded under section 4 turn on the words "entry of any judgment, decree, or final order of the court," and the words "from the prevailing party or parties." Many perplexing questions arise in attempting to deduce from this language a uniform and workable rule. If the judgment or decree is final in a technical sense, no difficulty is presented. In cases at law there is usually but one judgment, and it is final. In cases in equity, there are often many decrees, of which one only is final, but others not final are appealable. Moreover, the word "judgment" in all cases, and the word "decree" in equity cases, is the appropriate technical word for any entry which disposes of the controversy between the parties on the merits. The qualifying adjective "final" is not specifically attached to either the word "judgment" or "decree;" but only to the word "order." Furthermore, the words "final order" may include a judgment or a decree, but may also include something more. The words "final order" would describe appropriately and correctly an entry remanding a case to a state court, or dismissing a case without prejudice. All of these phrases are still further qualified by the words "the prevailing party or parties." This last phrase indicates an adversary action, in which one party or the other has prevailed. These words are appropriate to describe an entry disposing of an action at law or a suit in equity finally upon the merits. They are equally appropriate in describing an order remanding a case to a state court or dismissing it for want of jurisdiction. They are not appropriate to describe an entry dismissing a case for want of prosecution or without prejudice. They are appropriate to describe an entry of a case as settled and dismissed.

Upon mature reflection, I am of opinion that section 4 authorized and requires the fee of $5 to be taxed and collected upon any final judgment or final decree, or any order finally disposing of a pending case in this court, entered as the result of adversary, as distinguished from voluntary, action. I think the legislative intent was to require this fee to be taxed and collected when any adversary, as distinguished from voluntary, entry was made whereby it ceased to be a case pending in this court.

My categorical answers to questions 1 and 2 will be "No." These questions are important only in cases in which an appeal is permitted from an interlocutory decree. Appeals are allowed from certain interlocutory decrees, such as granting or refusing an injunction or appointing receivers. In patent cases, it is well settled that a permanent injunction, granted after a full adversary hearing on the merits, is not final, and does not become so until the order of accounting is executed and a final decree is entered thereon. In admiralty cases prior to the amendment of April 3, 1926 (44 Stat. 233), a like decree was not only not final, but was not appealable until the damages had been assessed and a judgment therefor had been entered. It is not probable that the Congress intended that this fee should be taxed at a different stage in the proceedings in the two classes of cases. Nor is it probable that it was intended that one fee of $5 only should be taxed in admiralty cases and two fees of $5 in patent cases. This conclusion is emphasized by the provisions of section 5, which require a fee of $5 to be charged whenever a petition for appeal or writ of error is filed. And this provision applies to each and every such petition, no matter how many may be filed in the same case.

[5] My categorical answer to the third question under section 4 will be "Yes." An order remanding a case is, I think, a final order as that term is used in section 4, even though it is not a final judgment. It may result from a motion which raises only the question of the legal sufficiency of the allegations of the removal petition. It may result, also, from a traverse of the allegations of fact in the removal petition, thereby framing an issue which is covered by the first part of section 3. But, however made, the entry is a final order, which disposed of that case as a pending case in this court. It is also one usually made upon an adversary hearing, and in which there is a prevailing party. I am not overlooking the fact that such an order was held not to be a final judgment in Railroad Co. v. Wiswall, 23 Wall. 507, 23 L. Ed. 103. After that decision, Congress, by section 5, Act March 3, 1875 (18 Stat. 472), conferred a right to review such an order, which was again taken away by Act March 3, 1887 (24 Stat. 555). It has ever since been held that an order re-

manding such a case was not only not a final judgment, but is not reviewable, directly or indirectly, in any court. See In re Pennsylvania Co., 137 U. S. 451, 11 S. Ct. 141, 34 L. Ed. 738; McLaughlin Bros. v. Hallowell, 228 U. S. 278, 33 S. Ct. 465, 57 L. Ed. 835; Ex parte Matthew Addy S. S. Corp., 256 U. S. 417, 41 S. Ct. 508, 65 L. Ed. 1027. But these decisions and statutes were in a different field of the law; i. e., that pertaining to the right to review a decision in an appellate court. Here we have to do with a cost statute, and its meaning must be determined, first, from the language used therein; and, second, in cases of doubt, from the context of the whole act and its general objects and purposes.

Although not specifically propounded, the question constantly arises as to the application of section 4 to entries of dismissal. I am of opinion that, if the dismissal is voluntary or for want of prosecution, the section does not authorize the taxing of the $5 fee. The entry is final, it is true, but there is no prevailing party. See The Malicor (D. C.) 9 F.(2d) 89. Statutes authorizing the taxing of costs are, as a rule, strictly construed. See United States v. Van Duzee, 140 U. S. 169, 11 S. Ct. 758, 35 L. Ed. 399. Hence the limitation upon the words "final order," imposed by the words "prevailing party," takes away the basis for imposing the fee, except when the final order is the result of adversary action, in which there is a prevailing party. In cases where the entry is "settled and dismissed," there is not only a final order, but the plaintiff has likewise prevailed. He has got what he has been willing to accept as a satisfaction of his case. In these instances the fee should be taxed.