## In re EMPLOYERS REINSURANCE CORPORATION.

### No. 8040.

Circuit Court of Appeals, Fifth Circuit.
March 11, 1936.

Rehearing Denied April 3, 1936.

Jacques P. Adoue, of Houston, Tex., for petitioner.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a petition for writs of mandamus and prohibition to compel the judge of the United States District Court for the Eastern District of Texas to vacate an order remanding a case to the District Court for the 124th judicial district of the state of Texas, from which it had been removed by petitioner. The material facts appearing from the record are these.

Suit was brought in the state court by W. J. Clark against Employers' Reinsurance Corporation, to set aside an award of the Industrial Accident Commission of Texas and service of process was made upon a former agent of defendant not then authorized to receive service. The suit was removed to the federal court and thereafter defendant appeared specially and moved to quash the service. The motion was sustained. The insurance company was doing business in Texas and had

an authorized agent for service residing in Austin. Process then issued out of the federal court and was served upon the authorized agent. Defendant again appeared specially and moved to quash this second service, on the ground that process of the court could not run out of the district and the city of Austin was not within the territorial jurisdiction of the court. This motion was also sustained. Plaintiff then moved that the case be remanded to the state court. Over objection of defendant, for the third time appearing specially, this motion was granted.

In answer to a rule to show cause, the District Court stated that he thought he was authorized to enter the order to remand the case under the provisions of section 80, title 28 U.S.C.A. in order to do justice as an order of dismissal would prevent plaintiff from refiling his suit within the time permitted by the statute of Texas and would amount to a complete denial of his right to litigate the claim.

The pertinent provisions of the statute dealing with the remanding of a case after removal are these:

Section 71, title 28 U.S.C.A. "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

Section 80, title 28 U.S.C.A. "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

These sections of the Code are taken from the Judiciary Act of March 3, 1887, §§ 1, 6, 24 Stat. 552, 555, as amended. Prior to the enactment of that legislation, it was settled that mandamus was an appropriate remedy to control the action of the lower court in remanding a case. Thereafter the Supreme Court ruled that the addition of the words "such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed" had the effect of taking away the remedy by mandamus. Ex parte Matthew Addy S. S. & Commerce Corporation, 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027, and authorities cited therein.

While the provisions of section 71, construed by the Supreme Court as prohibiting mandamus, do not appear in section 80, the sections are in pari materia, and it is extremely doubtful that a writ of mandamus may issue to control the action of the District Judge in remanding a case under the provisions of the latter section. However, we do not consider it necessary to decide that question. There is no doubt that the suit was properly removed into the District Court for the Eastern District of Texas. The quashing of service did not require a dismissal as the court had general jurisdiction of the case. Conceding that process of the court could not run out of the district, with the quashing of the second service the court was without power to enter judgment. Upon remand, the state court, under the law of Texas, would have authority to make service anywhere in the state and jurisdiction to decide the issues. If the suit were not remanded, plaintiff would never be able to enforce his demand, no matter how just, without the voluntary appearance of defendant. The actions of defendant so far indicate no intention of ever voluntarily appearing. The federal courts may not be used to perpetrate an injustice. Furthermore, having prevailed in its motions to quash the services, defendant was no longer before the court and was without standing to object to the remanding of the case. We consider the discretion of the District Court was properly exercised in remanding the case.

The petition is denied.