## UNITED STATES v. DEWAR et al.
### No. H. 174.

District Court, D. Nevada.
April 8, 1937.

E. P. Carville, U. S. Atty., and Miles N. Pike, Asst. U. S. Atty., both of Reno, Nev., and Thomas O. Craven, Asst. U. S. Atty., of Carson City, Nev.

Milton B. Badt, of Elko, Nev. (Donovan, Leisure, Newton & Lumbard, William J. Donovan, Carl E. Newton, Hiram E. Wooster, and John Howley, all of New York City, of counsel), for defendants.

---

[1] No opinion for publication.

982

NORCROSS, District Judge.

Plaintiff's bill of complaint prays for issuance of a temporary restraining order and ultimately a decree making the same permanent, which order and decree would restrain defendants and each of them from proceeding further in the prosecution of a suit pending in the Second judicial district court of the state of Nevada, in which suit defendants herein are plaintiffs and L. R. Brooks is defendant. To plaintiff's bill of complaint, defendants filed a motion to dismiss which has been submitted upon oral argument and briefs subsequently filed.

The bill of complaint, among other matters, alleges that the suit, pending in the state court, is against L. R. Brooks "as the duly appointed, qualified and acting Regional Grazer of Region 3, which includes said Grazing District No. 1 within said State and District." While in said state court suit defendant Brooks is not sued in his official capacity, it is alleged in the body of the complaint that he is an official of the Department of the Interior as above designated.

In substance the complaint in the state court suit seeks to enjoin the defendant Brooks from collecting certain license fees as a condition precedent to granting certain temporary grazing permits upon the public domain upon the ground that a rule or regulation adopted by the Secretary of the Interior authorizing such fees, is void as not within the powers conferred upon the Secretary by an act of Congress known as the Taylor Grazing Act, 48 Stat. 1269 (43 U.S.C.A. §§ 315–315n, 1171). A temporary restraining order and order to show cause was issued by the state court.

Prior to the filing of the bill of complaint in the instant suit, a motion was filed on behalf of the defendant in the state court suit to remove the same to this court. The motion to remove was granted. Upon the record being filed in this court upon the removal order, plaintiffs filed a motion to remand the case to the state court. The motion to remand was heard before Yankwich, District Judge, presiding. In pursuance of an opinion filed, the motion to remand was granted. Dewar v. Brooks (D. C.) 16 F.Supp. 636, 643.

Defendant's motion to dismiss in the instant suit is based, among other grounds, upon the following:

1. That said complaint is an attempt collaterally to attack said remand order.

2. That said remand order is res judicata of the issues raised in said complaint.

3. That plaintiff's alleged cause of action is barred by section 265 of the U.S. Judicial Code (28 U.S.C.A. § 379).

4. "That it appears from the allegations of said Bill of complaint that the said Second Judicial District Court of the State of Nevada in and for the County of Washoe has heretofore, prior to the filing of Plaintiff's Bill, assumed jurisdiction of the subject matter thereof, and that said State Court still has jurisdiction thereof, and that said jurisdiction of said subject matter by said State Court is exclusive."

The basis of the suit in the instant case is that the order or regulation, alleged in the complaint filed in the said state court suit to be invalid, is a valid order or regulation; that "the said State court seeks to interfere with the exercise by the United States of its power to control and make all needful rules and regulations with respect to the public domain; that it embarrasses the United States in the quiet possession of its property; that it harasses Federal Government officers * * * in the performance of their official duties, by requiring their attendance in the said State court proceeding * * *; that the Secretary of the Interior is an indispensable party defendant in said suit and has not been joined as a party defendant therein; * * * that property rights of the United States are involved, and that the United States is an indispensable party defendant in said suit."

It is clear that the controlling question sought to be presented for determination in both the state suit and in this suit is the validity of the said rule adopted by the Secretary of the Interior.

In commenting upon the position taken by the plaintiffs in the state suit, Judge Yankwich, in his opinion on the motion to remand, said: "The plaintiffs do not question the right of the United States government, through the Congress, to regulate the use of any part of its public domain. Nor do they question the right of the Congress to enact the Taylor Grazing act, or the delegation of power to the Secretary of the Interior, under the act, to require the payment of a license fee. They assert a right *not contrary* to the act, but one *under it.*"

The order of this court remanding the case to the state court is by the Judicial Code (section 28) made final. The portion

of the section controlling reads: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed." 28 U.S.C.A. § 71.

It is well settled that when a case has been remanded to a state court, that court has jurisdiction to determine the issues of fact and questions of law involved therein. Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084; Ex parte Addy S. S. & Commerce Corp., 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027; Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036; Chicago, St. P., M. & O. R. Co. v. Hensley (C.C.A.) 25 F.(2d) 861.

By another section of the Judicial Code, Congress has sought to further carry out the rule of comity which, subject to certain recognized limitations, prevails between federal and state courts. The section (28 U. S.C.A. § 379) provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

Assuming, solely for the purpose of the question under consideration whether this is a case within an exception to the general rule, that a federal court will not issue an injunction to prevent the prosecution of a case pending in a state court, that the said rule of the Secretary of the Interior, which is the basis of both suits, is in fact a valid exercise of power conferred by Congress rather than a usurpation of power not so conferred as, in effect, alleged by the plaintiffs in the state suit, can this court now assume that the state court will erroneously decide the question when presented to that court? We think it clear that this court cannot so assume. As before stated, the sole ultimate question in both suits is one of law—the construction to be placed upon a federal statute. Any decision of the state court is subject to appeal to the State Supreme Court and the decision of that court would be subject to review by the Supreme Court of the United States. A federal court has the final decision in any case where a federal statute is involved. The decision of the Supreme Court of a state involving the construction of a state statute is likewise controlling upon a federal court unless there be involved the further question of its constitutionality under the Federal Constitution. That the state courts may construe the statute contrary to views expressed in the bill of complaint in the instant case does not of itself constitute sufficient ground for equitable relief. Northport Power & Light Co. v. Hartley, 283 U.S. 568, 51 S.Ct. 581, 75 L.Ed. 1275; Cavanaugh v. Looney, 248 U.S. 453, 39 S.Ct. 142, 63 L.Ed. 354; Lynch v. International Banking Corp. (C.C.A.) 31 F.(2d) 942; Detroit, M. & T. S. L. Ry. Co. v. City of Monroe (D.C.) 262 F. 177; Carl Laemmle Co. v. Stern (D.C.) 209 F. 129.

It is contended, as a reason why the motion to dismiss should be denied, that the state court is without jurisdiction to proceed because the Secretary of the Interior is a necessary party defendant and is not made a party defendant in the state suit, citing, in support of the contention, the decision of the Circuit Court of Appeals of this circuit in Moody v. Johnston, 66 F. (2d) 999. This contention, also, is one which may be presented to the state court subject to the right of appeal as stated supra.

It is further contended "that property rights of the United States are involved, and that the United States is an indispensable party defendant in said suit." The case at bar does not present any question of trespass or threatened unlawful trespass upon the public domain or any question of claimed right thereon in conflict with the paramount rights of the United States therein. United States v. Grimaud, 220 U. S. 506, 31 S.Ct. 480, 55 L.Ed. 563; United States v. Babcock (D.C.) 6 F.(2d) 160; Babcock v. United States (C.C.A.) 9 F.(2d) 905.

While the statute cited supra, respecting the issuance of injunctions against proceedings in state courts, does not apply to cases where the United States is a party plaintiff in a suit to enforce the rights of the United States, nevertheless an injunction will not issue in such a case unless such rights otherwise could not presently be protected. This is not a case within recognized limitations justifying the issuance of a writ of injunction. United States v. Bank of New York & Trust Co., 296 U.S. 463,

479, 56 S.Ct. 343, 348, 80 L.Ed. 331; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S. Ct. 93, 65 L.Ed. 205; Russell v. Detrick (C. C.A.) 23 F.(2d) 175; Hammond Hotel & Improvement Co. v. Finlayson (C.C.A.) 6 F.(2d) 446.

The motion to dismiss is granted.