UNITED STATES v. HUMBOLDT LOVE-LOCK IRR. LIGHT & POWER CO. (PERSHING COUNTY WATER CONSERVATION DIST. OF NEVADA et al., Interveners).

No. H-190.

District Court, D. Nevada.

June 10, 1937.

Roy W. Stoddard, Sp. Asst. to the Atty. Gen., and E. P. Carville, U. S. Atty., and Miles N. Pike, Asst. U. S. Atty., both of Reno, Nev., for the United States.

Hawkins, Mayotte & Hawkins, of Reno, Nev., for defendant.

John A. Jurgenson, of Lovelock, Nev., and Myron R. Adams, of Reno, Nev., for interveners.

W. T. Mathews, Deputy Atty. Gen., of Nevada, amicus curiæ.

NORCROSS, District Judge.

Plaintiff's bill of complaint praying for a decree for injunctive and other relief against defendant in respect to certain water rights upon the Humboldt river in Nevada was filed May 27, 1937. In pursuance of notice then given, application for an injunction pendente lite was heard June 9th following. At the time set for hearing said motion, defendant appeared and filed its answer and counterclaim and also interposed a motion that the bill of complaint be dismissed upon the ground, among others, that plaintiff's bill of complaint failed to state facts entitling plaintiff to any relief in the premises or to confer jurisdiction upon the court. On the day preceding the hearing of said motions, interveners filed a complaint in intervention praying for substantially the same relief against defendant as that set out in plaintiff's complaint.

Plaintiff's bill of complaint alleges that prior to and continuously since April 23, 1937, the United States was and is now the owner of about 52,900 acre feet of the waters of the Humboldt river in Nevada, formerly used for the irrigation of lands in the vicinity of the towns of Battle Mountain and Imlay, Nev., and the owner of rights of diversion to the extent of a maximum flow of 202.5 second feet of water from March 15th to April 28th, and a varying lesser right of diversion during the remainder of the irrigation season, such water having dates of appropriation prior to 1908. That prior to September 8, 1936, the United States purchased said water rights from the then owners and obtained from the state engineer permits to change the points of diversion to points further downstream for use upon lands within the Pershing County Water Conservation District. That under the terms of a written contract dated October 1, 1934, entered into between the United States and said conservation district, the United States is obligated to deliver to the members of said conservation district for irrigation of their lands and other beneficial uses, the water so purchased and owned by the United States and being transferred by the United States, under the aforesaid permits, to the intakes of the various ditches used for the irrigation of the lands within said conservation district. That the defendant is the owner of two reservoirs situated between the city of Lovelock and said towns of Battle Mountain and Imlay, Nev.,

490

and upstream from irrigated lands within the boundaries of said conservation district. That the priority rights of the said water purchased by the United States for diversion for irrigation use as aforesaid, are all prior to and superior to the storage rights of the defendant. That the amount of the transferred water of the United States, taken and stored by defendant in its reservoirs between April 23, 1937, and the date of filing the bill of complaint, amounts to approximately 4,075 acre feet, all of which water has been needed for the irrigation of lands within the said conservation district. That defendant threatens to and will, unless restrained, continue to so divert, take, store, and convert to its own use said waters of plaintiff used for the irrigation of lands of said conservation district.

Defendant's answer and counterclaim, among other allegations, alleges that said claimed water rights are within the exclusive jurisdiction of the Sixth judicial district court of the state of Nevada in and for the county of Humboldt. That on April 27, 1937, defendant herein, as plaintiff, commenced a suit in the Sixth judicial district court of the state of Nevada in and for the county of Pershing against Alfred Merritt Smith, as state engineer of the state of Nevada, and other defendants, including the Pershing County Water Conservation District, which said suit involves the same questions respecting water rights as are involved in the instant case. Attached to the answer and counterclaim as an exhibit is a copy of the said complaint filed in the said state court and a copy of the summons issued thereon. That the plaintiff, United States, does not own, and at no time referred to in the complaint herein has owned or held lands on the Humboldt river in Pershing county, Nev., downstream from defendant's intake and feeder canal, with appurtenant water rights. That all rights to use the water of said Humboldt river for irrigation within said Pershing County Water Conservation District belong, in severalty, to various persons and corporations. That plaintiff herein is without right, interest, or title in or to any of said lands in said conservation district.

A serious question of law is presented upon the face of the pleadings in this case whether rights or interests of the United States appear to be involved to an extent authorizing suit by the United States, as party plaintiff, to enforce or protect such rights or interests. While it is alleged in the bill of complaint that the plaintiff, United States, purchased certain water rights from the then owners and "is now the owner of" such water rights and under permits duly issued by the state engineer of Nevada to change the place of use and point of diversion such place of use was changed to lands within the boundaries of said Pershing County Water Conservation District, no specific allegation appears therein that the plaintiff now has title to or ownership of any land within said conservation district. The answer alleges that no such land is owned by plaintiff. The complaint alleges that defendant's alleged wrongful action in diverting and storing said waters "caused and will continue to cause irreparable damage in loss of crops to members of the Conservation District on account of the inability of the United States to carry out its contract with said District." Again, the complaint alleges defendant's wrongful conversion of said waters "prevent the same from being conveyed, transferred and used for the irrigation of the lands of said Conservation District." The contract of plaintiff with said district is not set forth as a part of the complaint, nor is its provisions referred to otherwise than above stated. From an affidavit in support of the motion for preliminary injunction, it would appear that the plaintiff, through its Bureau of Reclamation, was engaged in the carrying out of what is referred to as the Humboldt Federal Reclamation Project. The affidavit of the engineer of said project, among other statements, sets forth: "That the construction of said Humboldt Federal Reclamation Project and the system of works used or to be used in connection therewith includes a dam across the channel of the Humboldt River * * * and that in connection therewith the United States acquired by purchase * * * water * * * for use upon lands within the boundaries of the Pershing County Water Conservation District of Nevada." From the complaint in intervention it appears that said conservation district is an organization under "The Nevada Irrigation District Act." As such it is of the character of a municipal corporation with power to enter into certain contract obligations for the benefit of all or certain of the lands

within the district. While not appearing in any pleading or affidavit filed, we have the statement of counsel for plaintiff that plaintiff, in carrying out the contract upon its part to be performed, paid to the owners of water rights, purchased as aforesaid, $419,000, and that the cost of the dam when completed will approximate $1,000,000. Assuming these statements to be the fact and assuming, without so deciding, that the court may now consider the same, it does not follow therefrom that the plaintiff is owner of any water rights which by plaintiff may now be enforced.

The law is well settled in this state (Prosole v. Steamboat Canal Co., 37 Nev. 154, 140 P. 720, 144 P. 744) and in the states of the arid region generally, that water for irrigation is appurtenant to the lands irrigated and hence the property of the owner of the land so irrigated. Ickes v. Fox, 66 App.D.C. 128, 85 F.(2d) 294, 298.

So far as appears from the case presented, it would seem that the government, through the Department of the Interior, in establishing another project in pursuance of the National Reclamation Law, 43 U.S. C.A. §§ 372, 383, had entered into a contract with the said conservation district to advance and so pay the purchase price of certain existing water rights upon the stream system, the points of diversion of which could under law be transferred to the place of required use, and to construct a dam and diversion system, all of which cost would be a charge upon the district and by it to be in time repaid. The government naturally, as a matter of security, would be interested in the district receiving the water so purchased, but such interest is not the basis of this suit, nor does it seem that such interest only could be the basis of a suit other than to enforce such contractual obligations. See U. S. v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331.

Counsel for plaintiff called the court's attention to two important water cases in this court, in both of which the United States appeared as party plaintiff. The cases respectively involve water rights on the Truckee river and Carson river. A reference to the complaint in each of those cases discloses allegations of ownership of large areas of land within what was then designated and still known as the Truckee-Carson Irrigation Project, sometimes called the Newlands Project, the first of such projects established under the Federal Reclamation law. The complaints further allege an appropriation of the then unappropriated waters of each stream system. The purpose of the suits was to establish the times and amounts of prior appropriations in order that the amount available for reclamation of what was then a part of the public domain could be determined. Further facts disclosing a special interest of the government in the suit were contained in allegations respecting rights on the Pyramid Indian Reservation and storage in Lake Tahoe, which lake is the property of the United States. The instant case has practically nothing in common with the said Truckee river and Carson river suits. Of the four major water suits in this state involving the four river systems, Truckee, Carson, Humboldt and Walker, the United States was party plaintiff in the two above mentioned. All were instituted in this court excepting that involving the Humboldt river system which was instituted in a state court. The Walker river suit as originally instituted was between certain landowners on that system within the states of Nevada and California. Later another suit was instituted by the United States as plaintiff to establish the rights of the Indian wards of the government upon the Walker River Indian Reservation. The instant case is the first appearance of the United States as a party plaintiff respecting water rights on the Humboldt river system.

Not only does it not appear in the instant suit that the United States has recognized direct rights to maintain respecting waters of the Humboldt river system, but it does appear that the rights in question are now or may be presented in a case pending in a state court. While considering a state of facts materially different from those here presented, this court, in the recent case of U. S. v. Dewar, 18 F.Supp. 981, had occasion to consider the rule of comity as respecting proceedings in federal and state courts. Irrespective of the fact that plaintiff's complaint fails to set forth facts establishing ownership of property rights alleged to be invaded, we are impressed that the rule of comity would make the state court the proper forum for determination of any rights which ap-

pear from the pleadings in this case to be in issue.

Plaintiff's motion for temporary injunction is denied.

Defendant's motion to dismiss is granted.