**Application of HARDWARE MUT. FIRE INS. CO. OF MINNESOTA et al.**

**No. 8566.**

Circuit Court of Appeals, Ninth Circuit.

June 28, 1937.

Percy V. Long, Bert W. Levit, and William H. Levit, all of San Francisco, Cal., for petitioners.

Harry A. Mazzera, of Stockton, Cal., for respondent.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Petitioners have asked for a writ of mandamus which seeks an order requiring the District Court to retain jurisdiction of

an action removed to it from the state court because of diversity of citizenship.

The petition alleges that the Roma Wine Company suffered a fire loss amounting in the aggregate to $7,072.23. It brought suit for that amount against the three petitioning insurance companies alleging a joint liability for the loss. The action was removed to the District Court of the United States upon motion of the insurance companies and the case was tried therein, but the jury being unable to agree the matter was held for retrial until April 27th when plaintiff asked leave to amend his complaint by striking out the allegations that the defendants therein were jointly and severally liable for the full amount and to allege in lieu thereof that the defendants were each and severally liable for one-third of the loss. This would reduce the amount claimed against each insurance company to less than $3,000. Upon the trial of the case the policies of insurance were produced as evidence and the court therefrom ascertained that the policies provided only for several liability for one-third of the loss. The court in granting the motion stated that, "Irrespective of amendment, as soon as the insurance policies placed in evidence demonstrated that the recovery could not amount to the jurisdictional amount the federal court lost jurisdiction and the duty to remand is evident." The complaint was amended in conformity to the request, thus reducing the amount claimed against each of the petitioners to less than the jurisdictional amount, whereupon the court remanded the action to the superior court of the state of California in which the case originated.

The petitioners rely upon a long line of cases holding that where the amount claimed in the prayer of the complaint exceeds the jurisdictional amount the plaintiff cannot, after removal to the federal court, deprive that court of jurisdiction by amending the prayer to ask for a smaller amount. Travelers' Protective Ass'n v. Smith (C.C.A.) 71 F.(2d) 511, and cases cited. These cases, however, have no application to a suit upon a contract where the recovery in any event could not equal or exceed the jurisdictional amount. In such a case, as the trial court rightly held, it had no jurisdiction when it appeared that the contract sued upon provided for the payment of an amount less than the jurisdictional amount. We have so recently considered that question that it is unnecessary

to deal with the matter at length. Southern Pac. Co. v. McAdoo (C.C.A.) 82 F.(2d) 121; Electro Therapy Products Corporation, Ltd., v. Strong (C.C.A.) 84 F.(2d) 766; see also, McNutt, Governor, v. General Motors Acceptance Corporation, 298 U. S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; K V O S, Inc., v. Associated Press, 299 U. S. 269, 57 S.Ct. 197, 81 L.Ed. 183. In such a case the order of the trial court remanding the case to the state court cannot be reviewed by either appeal or mandamus. In re Matthew Addy, etc., Corporation, Petitioner, 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027.

Application for petition denied.