94

McGUGIN et al. v. UNITED STATES.
No. 1904.

Circuit Court of Appeals, Tenth Circuit.
Jan. 15, 1940.

W. L. Cunningham and D. Arthur Walker, both of Arkansas City, Kan. (Howard T. Fleeson and Wayne Coulson, both of Wichita, Kan., on the brief), for appellants.

Roger P. Marquis, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., and C. R. Denny, Jr., Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit brought by the United States against Harold C. McGugin, hereinafter called McGugin, C. M. McGugin, Nell Bird McGugin, Walter S. Keith, hereinafter called Keith, and The William McGugin Investment Company, a corporation, to recover certain United States bonds belonging to Jackson Barnett, or their proceeds or value if they have been converted, and to impress a trust upon certain lands and money. Jackson Barnett, a full-blood Creek Indian, was allotted a tract of land when the Creek tribal lands were divided in severalty under the Act of March 1, 1901, 31 Stat. 861, and the Act of June 30, 1902, 32 Stat. 500. His title was in fee simple, but the land was subject to restrictions against alienation or leasing, except with the approval of the Secretary of the Interior. In 1912, the probate court of the county in which Barnett resided in Oklahoma, adjudged him a mental incompetent and appointed a guardian of his estate. Thereafter Barnett and the guardian, with the approval of such court and of the Secretary of the Interior, executed an oil and gas lease covering the allotted land. It was provided in the lease that the royalties be paid to a local representative of the Secretary for the benefit of Barnett. Oil in large quantities was struck on the land. Proceeds of the royalties were invested in United States bonds exceeding $1,100,000 face value, and such bonds were deposited with the Secretary of the Treasury for safe-keeping. Barnett placed his thumb mark upon a written instrument addressed to the Secretary of the Interior requesting (1) that $550,000 face value of such bonds be delivered to the Equitable Trust Company of New York to be held in trust for the American Baptist Home Mission Society, and (2) that a like amount of such bonds be delivered to his wife. The Secretary approved the instrument, caused the bonds to be withdrawn from the Treasury, and transferred and delivered them as requested. It is now judicially settled beyond question that due to Barnett's mental incapacity the instrument to which he placed his thumb mark was ineffective, and that the Secretary of the Interior acted without warrant of law in making the transfer and delivery of the bonds. Barnett v. Equitable Trust Co., D. C., 21 F.2d 325; Id., 2 Cir., 34 F.2d 916, certiorari denied, American Baptist Home Mission Soc. v. Barnett, 278 U.S. 626, 49 S.Ct. 28, 73 L.Ed. 546; United States v. Mott, 10 Cir., 37 F.2d 860; Id., 283 U.S. 747, 51 S.Ct. 642, 75 L.Ed. 1385; Barnett v. United States, 9 Cir., 82 F.2d 765, certiorari denied, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402. McGugin and Keith were partners engaged in the practice of law at Coffeyville, Kansas, and within a few days after Barnett and his wife were married in 1920, she employed them to represent her in all matters relating to her marriage and to her interests in the estate and property of her husband, and agreed to pay McGugin for

such services twenty-five per cent of all moneys which she should receive from her husband or his estate. Pursuant to such employment McGugin advised her throughout and was familiar with all of the facts and circumstances leading up to the transfer and delivery of such bonds by the Secretary of the Interior.

The court found that of the bonds which were delivered to the wife of Barnett, she and McGugin handled $137,500 in such manner that $20,000 were delivered to the Riggs National Bank of Washington, D. C., and still remained there; that $15,000 were delivered to Marshall L. Mott, an attorney; that $35,000 were delivered to Keith; and that the remaining $67,500 were retained by McGugin. Other findings were made in respect to the disposition of most, if not all, of the bonds retained by McGugin. A decree was entered awarding the United States recovery against McGugin and Keith for $137,500, fixing a trust against the bonds or the proceeds thereof in the Riggs National Bank with provision that the amount realized therefrom be credited on the award against McGugin and Keith, impressing a trust upon and directing the sale of certain property in the name of The William McGugin Investment Company which had been acquired with proceeds of a part of such bonds, and reserving jurisdiction of the cause for the purpose of making all further necessary or proper orders to effectuate the decree. The defendants appealed.

Our first inquiry is whether the action is barred by limitation. Limitation does not run against an action of this kind brought by the United States in its sovereign capacity for the protection and enforcement of a right of an Indian ward unless expressly provided by statute. Section 2 of the so-called Harreld-Hastings Act of April 12, 1926, 44 Stat. 239, 240, and section 101, Oklahoma Statutes 1931, 12 Okl.St.Ann. § 95, are relied upon. Section 2 of the federal statute provides that the statutes of limitation of the State of Oklahoma are made applicable to and shall have force and effect against all restricted Indians of the Five Civilized Tribes and their heirs or grantees, and against all rights or causes of action theretofore accrued or thereafter accruing to such Indians or their heirs or grantees, to the same extent, effect and manner as in the case of any other citizen of such state,

and may be pleaded in bar of any action brought by or on behalf of any such Indian, his heirs or grantees, either in his own behalf or by the United States for his benefit, to the same extent as though such action were brought by any other citizen of such state; and it further provides that no cause of action which theretofore shall have accrued to any such Indian shall be barred prior to the expiration of two years from and after the approval of such act, even though the full statutory period of limitation shall already have run or shall expire during such two-year period, and any such Indian, or the United States in his behalf, may sue upon any such cause of action during such period free from any bar of the statute. Section 101 of the state statute provides in the third subdivision thereof that actions for the taking, detaining, or injuring of personal property, including actions for the specific recovery of property of that kind, shall be brought within two years after the cause of action shall have accrued, and not afterwards. The transaction out of which this cause of action arose took place in 1923, when the bonds in question were delivered to McGugin. The original complaint was filed and service of process had before the expiration of the two-year period provided in the proviso of the federal statute. After the expiration of such period, the court entered an order dismissing the cause for failure of the complaint to state a justiciable cause of action. The order failed to grant leave to amend, but an order was entered three days later granting leave to present to the court an amended complaint on notice within forty-five days. The parties agreed to extend the time, and the amended complaint was filed. With leave of court, a second amended complaint was subsequently filed. Predicated upon the premise that the proviso contained in section 2 of the federal statute has application, the argument is that the cause of action pleaded in the second amended complaint, filed after the two-year period had expired, is barred by limitation. The premise is ill-grounded and the argument falls with it, as the federal statute applies only to proceedings affecting title to lands. Board of Com'rs of Tulsa County v. United States, 10 Cir., 94 F.2d 450. This is not an action of that kind and therefore the statute has no application. And in the absence of a controlling statute fixing the time within which an action of this kind may

be instituted, the suit is not barred by limitation.

■ It is urged at length that the suit abated on the death of Barnett in 1934. Barnett was not a party. The United States instituted the suit in its own name, and its authority to maintain in its own name an appropriate action for the protection and enforcement of the right of an Indian ward is not open to serious doubt. Heckman v. United States, 224 U. S. 413, 32 S.Ct. 424, 56 L.Ed. 820; La Motte v. United States, 254 U.S. 570, 41 S. Ct. 204, 65 L.Ed. 410; United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539. It is not necessary that the Indian be joined as a party or that it be alleged that the suit is brought in his behalf. Heckman v. United States, supra. And a suit of this kind, brought by the United States without the joinder of the Indian ward for the recapture of trust property improvidently delivered to third parties, does not abate on the death of the Indian. The duty to recapture the property was enjoined upon the government immediately after the bonds had been delivered into the possession of the trust company and the wife of Barnett, respectively. That obligation was a continuing one, and once steps were taken to discharge it by the institution of the suit, it continued until fulfilled even though the Indian died during the pendency of the action. Compare, United States v. Moore, 8 Cir., 284 F. 86; United States v. Smith, 8 Cir., 288 F. 356; United States v. Southern Surety Co., D. C., 9 F.2d 664.

■ That part of the decree undertaking to impose a trust upon the bonds and funds in the Riggs National Bank is challenged. The record is quite meager respecting such bonds and funds. The court found that of the bonds which the wife of Barnett received from the Secretary of the Interior, she and McGugin handled them in such manner that McGugin delivered $20,000 of them to the bank and that they still remained there. Nothing further appears in respect of the title to the bonds or the terms and conditions under which they were placed in the bank. But appellants were before the court, and the court had jurisdiction to adjudicate their rights in the bonds or proceeds thereof, even though such personalty was outside the district. The bank was not a party to the suit, and was not before the court. It may be that the court lacked jurisdiction to adjudicate the rights of the bank, or others not parties, to the property. See Watson v. National Life & Trust Co., 8 Cir., 162 F. 7. But that question will be for determination if appropriately presented when action is taken to enforce the provision which undertakes to impose the trust. Appellants cannot present it here.

The decree is affirmed.