### UNITED STATES v. FIXICO et al.

### SAME v. LUCAS et al.

### SAME v. RICE, Judge (two cases).
### Nos. 2038, 2039, 2045, 2046.

Circuit Court of Appeals, Tenth Circuit.

Nov. 12, 1940.

Charles N. Champion, Asst. U. S. Atty., of Muskogee, Okl., and Marvin J. Sonosky, Atty., Department of Justice, of Washington, D. C. (John J. O'Brien, Acting Asst. Atty. Gen., Cleon A. Summers, U. S. Atty., of Muskogee, Okl., and Charles R. Denny, John F. Cotter, Frank J. Dugan, and Roger P. Marquis, Attys., Department of Justice, all of Washington, D. C., on the brief), for appellant-petitioner.

W. W. Pryor, Hugh M. Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, Okl., and Omar M. Hudson, of Stigler, Okl., for appellees Amon Fixico, Frank Lucas and Betsy Lucas.

I. L. Lockewitz, of Tulsa, Okl. (J. C. Denton, R. H. Wills, J. H. Crocker, and J. P. Greve, all of Tulsa, Okl., on the brief), for appellee Mid-Continent Petroleum Corporation.

James B. Diggs and Redmond S. Cole, both of Tulsa, Okl., for appellee Gulf Oil Corporation.

Chas. L. Orr and Angus M. Woodford, both of Holdenville, Okl., for appellee Boettcher Oil & Gas Co.

Julian B. Fite, R. M. Mountcastle, and Bower Broaddus, all of Muskogee, Okl., for respondent.

Orel Busby, L. H. Harrell, and A. W. Trice, all of Ada, Okl., for Carter Oil Co. and Continental Oil Co.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The questions presented in these four cases are (1) whether an action to recover damages for injury by pollution to restricted land in Oklahoma allotted to a member of the Five Civilized Tribes of Indians may be removed from the state court to the United States court under section 3 of the Act of April 12, 1926, 44 Stat. 239, 240, and (2) whether an order of the United States court remanding such a case may be re-examined in this court, either by appeal or mandamus.

Amon Fixico, an enrolled full-blood Creek Indian, instituted No. 2038 in the District Court of Hughes County, Oklahoma, to recover from three oil companies damages for permanent injury by pollution to a tract of land which had been allotted to him and was restricted against alienation. The defendants caused written notice of the pendency of the suit to be served upon the Superintendent of the Five Civilized Tribes. The United States filed in the state court its petition for removal of the action to the United States court for Eastern Oklahoma, and the court entered an order of removal. Plaintiff filed in the United States court a motion to remand the action on the ground that it was not removable under section 3, supra. The court entered an order remanding the case, from which the United States appealed. The United States subsequently instituted No. 2045 in this court, and seeks by mandamus to compel the trial court to recall its order of remand in No. 2038, and to retain jurisdiction of the cause.

Betsy Lucas, an enrolled full-blood Choctaw Indian, and Frank Lucas, her husband, likewise a full-blood Choctaw Indian, in-

stituted No. 2039 in the District Court of Haskell County, Oklahoma, to recover from the Town of Stigler compensatory and exemplary damages for injury by pollution to a tract of land which had been allotted to her and was restricted against alienation; and they also sought a mandatory injunction requiring and compelling the town to change the place or manner of the discharge of its sewage so that the pollution would be discontinued. Plaintiffs caused written notice of the pendency of the suit to be served upon the Superintendent of the Five Civilized Tribes. The United States filed in the state court a petition for removal of the action to the United States court for Eastern Oklahoma, and an order of removal was entered. The defendant filed in the United States court a motion to remand the cause on the ground that it was not removable under section 3, supra. The court entered an order of remand, and the United States appealed from it. The United States thereafter filed No. 2046 in this court, and seeks by mandamus to compel the trial court to recall its order of remand in No. 2039, and to retain jurisdiction of the cause.

Section 2 of the Act of April 12, 1926, supra, relates exclusively to limitations, and applies only to suits in which the issues involve title to land. It has no application to other suits. Board of Commissioners of Tulsa County, Okl. v. United States, 10 Cir., 94 F.2d 450; McGugin v. United States, 10 Cir., 109 F.2d 94.

Section 3 is substantially broader in scope. It provides, among other things, that where notice is served upon the Superintendent of the Five Civilized Tribes, the United States may, in the manner there outlined, remove from the state court in Oklahoma to the United States court any suit to which a restricted member of the Five Civilized Tribes is a party, and claims or is entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes, or the proceeds, issues, rents, and profits derived therefrom. It is not confined to cases in which title to land is involved. It extends to any case in which any other interest in restricted land is in issue. It must be presumed that the Congress chose that broad language with deliberation and studied purpose. And any cause coming fairly within the reach of the section may be removed under its provisions. Caesar v. Burgess, 10 Cir., 103 F. 2d 503.

In one of the cases which was removed plaintiff seeks past and future damages for permanent injury to his restricted allotted land by pollution arising out of the operation of oil wells, it being alleged, among other things, that the fertility of the soil has been permanently impaired; and in the other case plaintiffs seek damage for the depositing of sewage at such place and in such manner that it ran and runs upon and across the restricted allotted land, it being alleged, among other things, that the land has become impregnated with the sewage, that a water course traversing the land has become infected and polluted so that it will poison livestock drinking the water, that a well on the land has become polluted, that if a new well were dug it would be likewise polluted, that offensive, noxious and poisonous gases are generated, that a stench arises which renders their home unfit for habitation, and that such conditions prevent the use of the land as a farm. Ordinarily in a case where the source or cause of the pollution is not abatable the measure of recovery is the difference in value of the land immediately before and immediately after the injury occurs. Sinclair Oil & Gas Co. v. Allen, 143 Okl. 290, 288 P. 981; Mid-Continent Petroleum Corporation v. Fisher, 183 Okl. 638, 84 P.2d 22. And where the injury is permanent in nature, plaintiff may recover judgment for such damages as he has already suffered, and in addition such further damages as he will sustain in the future. Comar Oil Co. v. Hackney, 119 Okl. 285, 250 P. 93; H. F. Wilcox Oil & Gas Co. v. Murphy, 186 Okl. 188, 97 P.2d 84. The rendition and discharge of such a judgment creates or recognizes the existence of a right somewhat difficult to define with precision but which is measurably akin to that of an easement. Luama v. Bunker Hill & Sullivan Mining & Concentrating Co., 9 Cir., 41 F.2d 358. And in Oklahoma an easement granting certain rights over land is an interest in the land. Missouri State Life Ins. Co. v. Whisman, 181 Okl. 168, 73 P.2d 130.

It seems manifest that a case for the recovery of damages for permanent injury by pollution to restricted land of a member of the Five Civilized Tribes involves a diminution of estate in the land— a lessening of the estate in the restricted res. It involves an alienation pro tanto of the estate in the restricted land. And that is such an interest as to bring the case

fairly within the broad scope of section 3, and to make it subject to removal under the statute.

■ But both of the cases which were removed have been remanded to the state court. Prior to the enactment of the Judiciary Act of March 3, 1875, 18 Stat. 470, an appeal or writ of error did not lie to review an order of remand for the reason that such an order was not a final judgment or decree. Knickerbocker Ins. Co. v. Comstock, 16 Wall. 258, 21 L.Ed. 493; Chicago & A. R. Co. v. Wiswall, 23 Wall. 507, 23 L.Ed. 103. But section 5 of the Act of 1875, supra, expressly authorized review of such an order on writ of error or appeal, as the case might be. That provision continued in force only two years. Section 2 of the Act of March 3, 1887, 24 Stat. 552, provided that an order of remand should be immediately carried into execution, and that no appeal or writ of error should be allowed; and section 6 expressly repealed that part of section 5 of the Act of 1875, authorizing review. As corrected by the Act of August 13, 1888, 25 Stat. 433, and as amended by the Act of March 3, 1911, 36 Stat. 1087, 1094, the provision interdicting the review of an order of remand by appeal or writ of error is a part of section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71. While the textual language of the statute merely denies review by appeal or writ of error, and does not mention writs of mandamus, it is no longer open to doubt that an order remanding a case which was removed from a state court under the general removal statute cannot be re-examined in this court on appeal, by mandamus, or otherwise. Morey v. Lockhart, 123 U.S. 56, 8 S.Ct. 65, 31 L.Ed. 68; In re Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 33 S.Ct. 465, 57 L.Ed. 835; Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036; In re Matthew Addy S. S. Co., 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027; Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289; Travelers' Protective Ass'n v. Smith, 4 Cir., 71 F.2d 511; In re Satterley, 5 Cir., 102 F.2d 144, certiorari denied Jones v. Page, 308 U.S. 562, 60 S.Ct. 93, 84 L.Ed. 472.

■ It is urged however that section 3 is silent in respect to the re-examination of an order of remand; that the inhibition against re-examination contained in the general removal statute has no application; and that in the absence of a forbidding statute, the orders may be re-examined, either on appeal or by mandamus. In respect to the removal of a case coming within its scope, section 3 is complete, independent, and distinct from the general removal statute. McKay v. Rogers, 10 Cir., 82 F.2d 795. But it is silent respecting the remand of a case removed under its provisions, or the re-examination of an order of remand. It must be presumed that the Congress, in the enactment of the statute in that manner, was cognizant of the long-established general rule that an order of remand in a case removed under the general removal statute could not be re-examined in any form. And it is the well-recognized rule that a special or isolated enactment of this kind must be read in the light of the existing law relating to the subject. A new statute of a fragmentary nature must be construed as intended to fit harmoniously into the existing system, unless a contrary legislative purpose is plainly indicated. United States v. Barnes, 222 U.S. 513, 32 S.Ct. 117, 56 L.Ed. 291; United States v. Sweet, 245 U.S. 563, 38 S.Ct. 193, 62 L.Ed. 473; Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. Nothing appears in the language of this statute, in the reports of Congressional Committees, or otherwise, which indicates a legislative intent to depart from the general rule that an order of remand is not subject to review or re-examination, either by appeal or mandamus. And in the absence of such an indication, the statute should be construed to fit harmoniously into the general system on the subject. Compare, Cole v. Garland, 7 Cir., 107 F. 759. For the reasons indicated, the orders of remand are not open to re-examination in this court on appeal or by mandamus.

The United States expresses concern that if the orders are not re-examined and vacated it will not have any opportunity to be heard in the litigation in its capacity as guardian of these Indian wards, and that it will be bound by the judgments of the state courts. In addition to the provisions relating to the right of removal, section 3 expressly confers upon the United States the right to appear in the state court within twenty days after service of notice of the pendency of the action upon

the Superintendent of the Five Civilized Tribes, or within such extended time as the trial Court in its discretion may permit, in a case in which a restricted member of such tribes is a party, and claims or is entitled to claim title to or an interest in land allotted to a citizen of the tribes, or the proceeds, issues, rents, and profits derived therefrom. Although the twenty-day period has expired, in view of the seasonable removal of the actions, and their subsequent remand, we entertain no doubt that the United States can now appear in the state courts, appropriately litigate all issues, and by the process of successive appeals present the federal questions involved to the Supreme Court of the United States.

The appeals in Nos. 2038 and 2039 will be severally dismissed and the petitions for the writs of mandamus in Nos. 2045 and 2046 will be severally denied.