**SEBER et al. v. BOARD OF COUNTY COM'RS OF CREEK COUNTY et al.**

**No. 436 Civ.**

District Court, N. D. Oklahoma.
May 10, 1941.

---

George Jennings, of Sapulpa, Okl., for plaintiffs.

Whit Y. Mauzy, U. S. Dist. Atty., of Tulsa, Okl., Mac Q. Williamson, Atty. Gen., State of Oklahoma, and Houston E. Hill, Asst. Atty. Gen., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This action is brought by the plaintiffs for the recovery of certain ad valorem taxes, already paid, levied against real estate claimed as exempt from such taxation; for the cancellation of certain unpaid levies of similar taxes against a portion of said property, and for a declaratory judgment to establish the tax exempt character in futurity of such portion thereof.

The case is before the court upon motion of the defendants to dismiss.

Material to the inquiry here, the complaint alleges that plaintiffs are unenrolled full-blood Creek Indians, and children of Wosey Deere, formerly Wosey John, an enrolled full-blood member of the Creek Tribe of Indians; that prior to the passage by Congress of the Act of May 10, 1928, 45 Stat. 495, the Secretary of Interior, out of funds in his control accrued to the credit

of said Wosey Deere from the sale of oil and gas from her restricted lands, purchased for her the lands above mentioned, the deeds of conveyance being made to Wosey Deere and her heirs, with a provision in each conveyance that the lands thereby conveyed were restricted against alienation without the consent of the Secretary of Interior until April 26, 1931; that on March 4, 1931 Wosey Deere by deed approved by the Secretary on April 3, 1931, conveyed all of said real estate to plaintiffs jointly, reserving, however, a life estate therein to herself, with a provision in said conveyance restraining the plaintiffs and their heirs from alienating or encumbering the conveyed lands without the consent of the Secretary of Interior; that later, and on December 10, 1937, Wosey Deere by another deed granted to plaintiffs the life estate reserved in her previous deed, this conveyance not being approved by the Secretary, but bearing a certificate of the Superintendent of the Five Civilized Tribes certifying that said lands were purchased with restricted funds held in trust by the United States for the benefit of plaintiffs; that on December 16, 1937, the plaintiffs executed a Certificate of Tax Exemption in compliance with Congressional enactment, designating a portion of said real estate as their homestead and exempt from taxation by the State of Oklahoma and its municipal subdivisions, which certificate was approved by the Secretary of Interior March 24, 1938, and filed in the office of the County Clerk of Creek County; that all of the lands were exempt from taxation for the years 1936 and 1937, and that the homestead occupied by plaintiffs as designated in the aforesaid certificate of tax exemption was exempt from the tax levies of 1938, 1939 and 1940, and will continue to be exempt from subsequent levies so long as the same is owned by and remains the homestead of plaintiffs and their restricted heirs until restrictions against alienation are removed therefrom; that all of said real estate was illegally taxed for the years 1936 and 1937, and that said claimed homestead was illegally taxed for each succeeding year; that plaintiffs have paid the illegal taxes levied against all the lands for the years 1936 and 1937 and have also paid the illegal levy against the homestead for the year 1938, but that such payments were made by plaintiffs under compulsion and duress; and, specifically, plaintiffs ask judgment for the amount of taxes paid as aforesaid, and for the cancellation of the illegal unpaid levies made against the homestead, and further for a declaratory judgment determining the tax exempt status of said homestead.

In support of their motion, defendants submit three principal propositions, namely, (1) that the court is without jurisdiction; (2) that plaintiffs are barred by the statute of limitations from recovering the taxes already paid; and (3) that the complaint fails to state any claim upon which relief can be granted.

█ The jurisdictional objection of defendants is that there is neither a diversity of citizenship, nor a Federal question involved. It is true that there is no diverse citizenship, but plaintiffs make a substantial claim that the property in question is tax exempt by virtue of certain Acts of Congress. This presents a Federal question. Therefore, since the necessary jurisdictional amount is involved, there is no merit to this contention of defendants. Jefferson v. Gypsy Oil Co., 8 Cir., 27 F.2d 304.

██ It is also definitely clear that the action is not barred by any statute of limitation. It is not such a suit as comes within the purview of the limitations provisions of the Act of Congress of April 12, 1926, 44 Stat. 239. Board of County Commissioners of Tulsa County v. United States, 10 Cir., 94 F.2d 450; McGugin v. United States, 10 Cir., 109 F.2d 94; United States v. Fixico, 10 Cir., 115 F.2d 389.

While not exactly a question of limitations, it may be well remarked here that the contention of defendants that plaintiffs in any event are precluded from recovering the amount of the taxes paid by reason of failure to comply with Sec. 12665, O.S.1931, 68 Okl.St.Ann. § 263, is not well founded. The section of the Oklahoma Statutes makes it a prerequisite in the recovery of taxes illegally levied that the taxes be first paid and notice to the collecting officer be given specifying the grounds of complaint and stating an intention to sue for the recovery of such taxes, with a further requirement that action for recovery shall be begun within thirty days after such payment and notice. Such a state statute is without application where the tax is imposed in violation of the laws of the United States. Carpenter v. Shaw, 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478; Jackson County v. United States, 308 U.S. 348, 60 S.Ct. 285, 84 L.Ed. 313.

The objection of defendants that the complaint fails to state any claim upon which relief can be granted to plaintiffs presents

a single difficult question, and that is: Are the lands of plaintiffs exempt from taxation by the State and its municipal subdivisions to the extent claimed by plaintiffs?

It may be said that it is apparently unquestioned, and rightly so, the royalties accruing to the credit of Wosey Deere in the custody of the Secretary of Interior were impressed with the same restrictions as were the lands from which the same were derived. United States v. Thurston County, 8 Cir., 143 F. 287. And also that the Secretary was empowered to require, as a condition to his approval of any investment of such funds on behalf of Wosey Deere, that there be included in any conveyance to her by reason of such investment, restrictive provisions against alienation and encumbrance without his consent. See Sunderland v. United States, 266 U.S. 226, 45 S. Ct. 64, 69 L.Ed. 259, and United States v. Goldfeder, 10 Cir., 112 F.2d 615. Consequently the lands were restricted lands when conveyed by Wosey Deere to the plaintiffs with the approval of the Secretary of Interior, and continued to have such character thereafter by reason of the restrictive provisions contained in such conveyance. This being so, under the facts stated in the complaint, were such lands relieved from state taxation by the provisions of the Acts of Congress of June 20, 1936, 49 Stat. 1542, and May 19, 1937, 50 Stat. 188, 25 U.S.C.A. § 412a?

This court had under consideration the effect of both these acts with reference to the taxability by the State of lands purchased with restricted funds of Osage Indians, where such lands were restricted against alienation or incumbrance, except with the consent or approval of the Secretary of Interior, in the case of United States v. Board of Commissioners of Osage County, D.C., 26 F.Supp. 270, 273. Speaking of the 1936 Act, it was there said: "It is certainly within the power of Congress to exempt restricted lands from taxation, and the Act of June 20, 1936, plain and unambiguous as it is, provides that all lands purchased out of trust or restricted funds of Indians are declared to be instrumentalities of the Federal Government and non-taxable."

Further, it was said regarding the 1937 Act: "It appears that the Amendment of May 19, 1937, was enacted as it was the desire of Congress to restrict and limit the Act of June 20, 1936, to homesteads of not exceeding one hundred sixty acres."

The main argument of defendant is based upon the text of section 2 of the 1936 Act, which is as follows: "Sec. 2. All lands the title to which is now held by an Indian subject to restrictions against alienation or encumbrance except with the consent or approval of the Secretary of the Interior, heretofore purchased out of trust or restricted funds of said Indian, are hereby declared to be instrumentalities of the Federal Government and shall be nontaxable until otherwise directed by Congress."

Defendants argue that the lands owned by plaintiff do not come within the purview of the Act because the same were purchased with restricted funds of Wosey Deere and not with restricted funds of plaintiffs, and, furthermore, that the lands were a gift to the plaintiffs by Wosey Deere and were not acquired by plaintiffs through purchase. There is much plausibility to this argument, and if a strict construction were placed on said section 2 of the Act, without considering it in connection with section 1 thereof, and with the Acts of May 10, 1928 and of May 19, 1937, and the entire Congressional policy toward the Indians, the interpretation suggested by defendants could well be said to be the correct one. But it should have a liberal construction favorable to the Indians. Taylor v. Tayrien, 10 Cir., 51 F.2d 884. Likewise it is a well-established rule that administrative interpretation of a statute is of great weight, and is not to be overturned unless clearly wrong, or a different construction is plainly required. Blanset v. Cardin, 8 Cir., 261 F. 309; Taylor v. Tayrien, supra.

Here, the Secretary of Interior approved the Certificate of Tax Exemption heretofore referred to, and this constituted a departmental construction that the lands covered by said certificate were nontaxable.

So, giving the liberal construction to the 1936 Act as its character demands, favorable to the plaintiffs, and considering it on connection with the other Acts mentioned and the administrative interpretation of the Secretary of Interior, the construction contended for by defendants should be rejected. The court, therefore, holds that a proper construction of the 1936 and 1937 Acts discloses a Congressional intent to exempt the lands from taxation as claimed by plaintiffs.

As to the argument made concerning the belated filing of the Certificate of Tax Exemption with the County Clerk,

this court agrees with the conclusions reached by Judge Rice of the Eastern District in the case of Zweigel v. Webster, D.C., 32 F.Supp. 1015, that the same is wholly immaterial.

The motion to dismiss is accordingly overruled, with exceptions allowed the defendants.