**UNITED STATES v. MERRELL et al.**

**No. 3161.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1946.

Marvin J. Sonosky, Atty., Department of Justice, of Washington, D.C. (J. Edward Williams, Acting Head, Lands Division, and Herbert Pittle, Atty., Department of Justice, both of Washington, D. C., on the brief), for appellants.

Alfred Stevenson, of Holdenville, Okl. (W. T. Anglin and O. S. Huser, both of Holdenville, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Peter Micco, a restricted Seminole Indian, died intestate, seized of an estate consisting of real and personal property, most of which was restricted funds in the custody of the Secretary of the Interior. On the day of his death, separate petitions for letters of administration were filed in the county courts of Tulsa and Okfuskee Counties, Oklahoma. The proceeding in the county court of Tulsa County was removed, under the provision of section 3 of the Act of April 12, 1926, 44 Stat. 239, 240, to the United States Court for Northern Oklahoma. That court later entered an order sustaining its jurisdiction of the subject matter of the proceeding, and on appeal we reversed. Merrell v. United States, 10 Cir., 140 F.2d 602. Acting under the provisions of section 3, supra, the United States filed in the proceeding in the county court of Okfuskee County a petition for the removal of the proceeding to the United States Court for Eastern Oklahoma, and it was removed. The United States later filed in the proceeding its petition in intervention, and the administrators appointed by the county court prior to the removal filed their motion to remand the proceeding to the county court. The court entered an order dismissing the complaint in intervention without prejudice to the right of the United States to institute an original or independent action to protect its own rights and the rights of any restricted Indians, or their rights in any restricted property involved in the action, and remanding the proceeding to the county court. The United States appealed and also instituted in this court an action in mandamus to compel the district court to vacate the order of remand and to retain jurisdiction of the cause upon the issues and merits. In the action in mandamus, we certified to the Supreme Court the question whether the order remanding the proceeding was reviewable by mandamus; and we requested the Court to require the entire record to be sent up for its consideration and to decide the whole matter in controversy. The court answered the certified question in the negative, but did not order the entire record sent up for consideration. United States v. Rice, District Judge, 66 S.Ct. 835. Pursuant to the mandate answering the certified question, we entered an order in that case denying the petition for the writ of mandamus.

The questions tendered for review in this case on the appeal from the order of remand are whether a proceeding originally instituted in the county court of Oklahoma to probate the estate of a restricted member of the Five Civilized Tribes who died intestate, seized of restricted property, and survived by restricted Indians claiming to be his heirs, is removable under the provisions of section 3, supra; and whether on removal under that Act, the United States Court has jurisdiction to determine who are the heirs of the intestate and what part of his property is restricted. But section 28 of the Judicial Code, 28 U.S.C.A. § 71, in presently material part, provides that where a cause is removed from a state court to a district court of the United States and is remanded on the ground that it was improperly removed, the remand shall be immediately carried into effect and no appeal or writ of error from the order of remand shall be allowed. That statute has application to a proceeding removed under the provisions of section 3, supra. United States v. Rice, District Judge, supra; United States v. Fixico, 10 Cir., 115 F.2d 389.

The cause was remanded on the ground that it was not subject to removal under the statute, and that the court did not acquire jurisdiction on removal to entertain it. The order remanding the cause is not appealable, and the appeal from it fails to present anything for review. United States v. Fixico, supra. Accordingly, the appeal is dismissed.